[No. 6531. Decided March 25, 1907.]

J. C. Friendly, *Appellant*, v. National Surety Company
*et al., Respondents.*[1]

Principal and Surety—Release of Surety—Building Contracts
—Change of Parties. A surety company guaranteeing the faithful
performance of a building contract by a copartnership is released
from liability, where the owner, without the consent of the surety
company, released one of the members of the copartnership and con-
sented to his assignment of his interest to a copartner.

Appeal from a judgment of the superior court for King
county, Albertson, J., entered April 6, 1906, in favor of the
defendant surety company, after a trial on the merits before
the court without a jury, in an action for the breach of a
building contract and to recover upon a bond guaranteeing
the faithful performance thereof.  Affirmed.

*Ballinger, Ronald, Battle & Tennant*, for appellant.

*E. C. Macdonald, Chas. A. Riddle*, and *Donald F. Kizer*,
for respondents.

Mount, J.—The plaintiff brought this action to recover
against the defendants Ireland, Clark, and Thomas, co-
partners, for a breach of contract to construct a building
for plaintiff in the city of Seattle, and also against the
National Surety Company as surety on a bond for the per-
formance of the contract.  The surety company, in answer
to the complaint, alleged, among other defenses, that it had
been released as surety before any liability had accrued under
the contract.  At the trial the court sustained this defense
and refused to enter judgment against the surety company.
The plaintiff appeals from that part of the judgment.

Many questions are presented on the appeal, but in view
of the conclusion we have reached upon the merits of this

[1] Reported in 89 Pac. 177.

defense, it is unnecessary to consider any other question. The facts, as shown by the record and found by the court, are that on July 8, 1903, the defendants Ireland, Clark, and Thomas, as copartners, entered into a contract with the appellant to construct for him an apartment house in Seattle for the sum of $8,000. On July 20, 1903, the respondent National Surety Company, at the instance of the copartnership, became surety in the sum of $3,000, and guaranteed the faithful performance of the contract. Thereafter on the 31st day of July, 1903, before any work was done upon the building, Mr. Thomas agreed to withdraw from the copartnership and to assign his interest in the contract to one of the other partners, provided he was released by appellant from all obligations under the contract. The appellant thereupon consented to the assignment by Mr. Thomas of his interest in the contract, to his partner, and in writing released Mr. Thomas from further liability on the contract. Thereafter Mr. Thomas, for value, assigned his interest to Mr. Clark, one of the partners, and retired from the copartnership, and did not thereafter participate in the contract in any way. The surety company had no notice of the release of Mr. Thomas until a day or two later, and then refused to ratify the release.

Appellant argues that these findings are not sustained by the evidence, and that the release of Thomas by the appellant was upon condition that the surety company should consent to it, and that when the surety company refused to give its consent to the release of Thomas, such release never became effective. But after carefully reading the evidence, we are convinced that the release was made unconditionally and probably without thought of the effect upon the surety bond; but afterwards when the release had been made and Thomas had sold his interest and retired from the partnership, and the surety company had refused to ratify the release, and after appellant had been advised that the bond was not security for the performance of the contract

by the new partnership, he then sought to hold the surety company by changing the release and making it conditional instead of absolute, without any notice to Thomas until long after liability had accrued. We have no doubt that the release of Thomas by the appellant released the surety company from any liability for the default of the new partnership, for the rule is that the "surety is only bound to the extent and in the manner and under the circumstances he consented to become liable." Brandt, Suretyship and Guaranty (2d ed.), §§ 118, 119; 27 Am. & Eng. Ency. Law (2d. ed.), p. 459; *London etc. Ins. Co. v. Holt,* 10 S. D. 171, 72 N. W. 403; *Standard Oil Co. v. Arnestad,* 6 N. D. 255, 69 N. W. 197, 66 Am. St. 604, 34 L. R. A. 861; *White Sewing-Machine Co. v. Hines,* 61 Mich. 423, 28 N. W. 157; *Dupee v. Blake,* 148 Ill. 453, 35 N. E. 867.

The respondent became surety for all three of the partners, and probably considered the responsibility of each of them when it entered into the contract. When the application was first made, the surety company might not have consented to become surety for two of the partners without the other. It actually did so refuse before any liability accrued upon the contract. Respondent certainly had a right to make its own contract in its own way, and to stand upon the strict terms thereof. A material alteration, such as changing the contractor without its consent, was not binding upon it. The release of Thomas by the appellant had the effect to make a new contract for which respondents never became liable. Under these facts we are clear that the judgment of dismissal as to the respondent was right.

The judgment is therefore affirmed.

HADLEY, C. J., DUNBAR, CROW, ROOT, and FULLERTON, JJ., concur.