[No. 12-40179-2.    Division Two.    November 6, 1969.]

THOMAS HENNESSY *et al., Respondents,* v. DENNIS VANDER-HOEF, *Defendant,* GRANGE INSURANCE ASSOCIATION, *Appellant.*

*Read & Church* and *William H. Dunn,* for appellant.

*Robinson, Landerholm, Memovich, Lansverk, Whitesides & Marsh* and *Duane Lansverk,* for respondents.

ARMSTRONG, C. J.—This is an appeal by garnishee defendant, Grange Insurance Association, from an order granting a new trial to plaintiff respondents Thomas and Vivian Hennessy. Garnishee defendant's motion for a summary judgment was denied. At the conclusion of plaintiffs' case in the trial on the writ of garnishment, the trial court dismissed the case for the reason that plaintiffs had not made a prima facie case. The court later granted plaintiffs motion for a new trial.

Prior to the garnishment action, plaintiffs had secured a judgment against Dennis Vanderhoef in the sum of $20,592.35 for injuries sustained in an automobile accident in Vancouver. Unable to satisfy their judgment against defendant Vanderhoef, plaintiffs initiated garnishment action against Grange Insurance Association as insurer of the automobile driven by defendant Vanderhoef. The automobile was owned by defendant's sister, Cheryl (Vanderhoef) Thaut, who was a named insured under the policy. Defendant Dennis Vanderhoef is not a party to this appeal. The garnishee defendant, hereinafter referred to as Grange, denied coverage by reason of a restrictive endorsement on the automobile insurance policy.

The evidence disclosed without dispute that on June 4, 1964, Cheryl Vanderhoef applied for an automobile insurance policy with Grange through a Vancouver agent. Cheryl was 20 years old at the time and her automobile was a 1962 Triumph sports car. The agent forwarded her application to Grange. The application was received in the home office on June 10, 1964. Grange's underwriter approved it on the condition that a restrictive endorsement be added to the policy exempting from coverage the use of the automobile by a male driver under 25 years of age.

Cheryl's father also had a standard automobile policy with Grange which did not include an under-age restrictive endorsement, although his 17-year-old son, Dennis, was the driver involved in the accident in question. This policy, however, covered different automobiles than the one involved in the accident.

The effective date of Cheryl's policy was June 4, but the restrictive endorsement carried an effective date of July 6, 1964, and was glued to the policy at the time it was first forwarded to Cheryl. The premium for Cheryl's policy, which was effective for a 6-month period, was $63.40. The premium would have been the same with or without the restrictive endorsement.

Cheryl applied for and received an additional endorsement, effective September 16, 1964, which excepted her

fiance, Dennis Thaut, from the terms of the under-age restrictive endorsement. This was then stapled to her policy. The policy was renewed with the restrictive endorsement on December 4, 1964.

Dennis Thaut and Cheryl Vanderhoef were married on April 17, 1965, and an endorsement effective that date was added to the policy changing the named insured to Dennis and Cheryl Thaut. Dennis Thaut's automobile was added to the policy and a new premium was charged.

On May 15, 1965, Cheryl permitted her 18-year-old brother, defendant Dennis Vanderhoef, to use her 1962 Triumph for a date. While driving the car he negligently collided with plaintiff Hennessys' automobile at a Vancouver intersection.

Grange denied coverage to Dennis Vanderhoef under Cheryl's policy because of the restrictive endorsement. He was also denied coverage under his father's standard automobile insurance policy.

Plaintiffs brought suit for damages for their injuries against Dennis Vanderhoef, Mr. and Mrs. E. A. Vanderhoef, and Dennis and Cheryl Thaut. All were dismissed as defendants except Dennis Vanderhoef. Grange refused to defend Dennis Vanderhoef, and plaintiffs secured judgment against him.

Grange made five assignments of error challenging the validity of the order denying summary judgment and of the order granting a new trial. After viewing the testimony in a light most favorable to plaintiffs we agree that the trial court erred in granting a new trial to plaintiffs.

Plaintiffs contend that Cheryl (Vanderhoef) Thaut's policy was sold to her without the restrictive endorsement by reason of the different dates on the policy and the endorsement. For this reason, they maintain, the contract between the parties would relate only to the original policy. They contend that since the premium was not reduced on the effective date of the endorsement there could be no consideration for the restrictive endorsement and it would be void.

Plaintiffs rely on *Wackerle v. Pacific Employers Ins. Co.*, 219 F.2d 1 (8th Cir. 1955); 52 A.L.R.2d 814, *cert. denied*, 349 U.S. 955, 99 L. Ed. 1279, 75 S. Ct. 884 (1955), to support this argument. In that case, as here, there was a restrictive endorsement attached to the policy.

■ We find *Wackerle v. Pacific Employers Ins. Co.* in accordance with Washington law. *Stauffer v. Northwestern Mut. Life Ins. Co.*, 184 Wash. 431, 51 P.2d 390 (1935), holds that an insurance contract cannot be modified except by an agreement supported by a new consideration. *See also Grand Lodge of the Scandinavian Fraternity of America, Dist. 7 v. United States Fid. & Guar. Co.*, 2 Wn.2d 561, 98 P.2d 971 (1940).

There is a clear distinction on the facts between *Wackerle* and the instant case. In *Wackerle* the court conceded that the restrictive endorsement could have been issued with the policy without additional consideration, but in that case the restrictive endorsement was added long after the original policy was received by the named insured. In the instant case the policy was received with the endorsement attached to and made a part of the policy. The premium was charged for the entire contract as delivered to the insured. Therefore, there was consideration for the endorsement in the case at bar.

*Utica Mut. Ins. Co. v. Dunn*, 111 Ga. App. 795, 143 S.E.2d 425 (1965), is analogous in principle although not identical in its facts. There, as here, the endorsement was attached before the policy was delivered. The court held that in the absence of showing that an automobile insurance policy was delivered to the insured before a restrictive endorsement was attached to it, no necessity existed for consideration for the endorsement regardless of the policy date, endorsement date, and the date on which the policy became effective. The Georgia court recognized that if the policy was issued by delivery to the insured and an endorsement was placed on it after that date, it would be necessary that there be a consideration for the restrictive endorsement to

be binding on the insured. To this extent we are in accord with that decision.

Plaintiffs argue that the endorsement conflicts with the basic policy by reason of the different effective dates. We disagree. The endorsement in no way conflicts with the basic policy under the facts of this case. The fact that they bear different effective dates is meaningful only to the extent that the restrictive endorsement becomes effective at a later date than the basic policy.

Furthermore, RCW 48.18.520 provides a statutory rule of construction with respect to endorsements attached to the policy:

> Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy, and *as amplified, extended, or modified by any rider, endorsement, or application attached to and made a part of the policy.*

(Italics ours.)

■ Plaintiffs have presented a series of arguments directed toward the proposition that Grange is estopped from denying coverage. Equitable estoppel requires acts, words, or conduct on the part of one party upon which the other party relies to his detriment. *Ross v. Harding*, 64 Wn.2d 231, 391 P.2d 526 (1964). We have searched the record and we can find no instance in which the element of reliance to the detriment of the other party has been established. We will discuss the two major situations raised.

Plaintiffs contend that after the accident an adjuster for Grange stated to Dennis Thaut, husband of Cheryl, that the accident would be covered by the insurance policy. The facts disclose no reliance to their detriment on that disputed statement on the part of plaintiffs, the insured, or Dennis Vanderhoef. Therefore, it could not be the basis for an estoppel.

■ Further contention is made that Grange should be estopped to deny coverage because RCW 48.18.480 prohibits rate discrimination. The evidence clearly demonstrates that

the rate would have been the same with or without the under-age exclusionary endorsement. The statute reads:

No insurer shall make or permit any unfair discrimination between insureds or subjects of insurance having substantially like insuring, risk, and exposure factors, and expense elements, in the terms or conditions of any insurance contract, or in the rate or amount of premium charged therefor, or in the benefits payable or in any other rights or privileges accruing thereunder. This provision shall not prohibit fair discrimination by a life insurer as between individuals having unequal expectation of life.

Viewing this contention in the light most favorable to plaintiffs and assuming for the purpose of argument only that there was a rate discrimination, this would not establish that the contract was invalid. Our state has adopted the rule that " '. . . a contract which violates a statutory regulation of business is not void unless made so by the terms of the act.' " *Ritter v. Shotwell,* 63 Wn.2d 601, 606, 388 P.2d 527 (1964). The statute in question does not contain such a provision.

Plaintiffs further contend that coverage should be held to be provided by the policy issued to Dennis Vanderhoef's father. Under the terms of E. A. Vanderhoef's standard automobile insurance policy, the only persons covered if driving other automobiles than the family automobiles would be the named insured and his spouse if they are residents of the same household.

Plaintiffs contend that there are conflicting definitions of the word "insured". The policy does contain different definitions of "insured" under coverages other than liability. Each definition, however, is clear and appropriate to the coverage in which it is contained. No ambiguity is created by the different definitions. The liability portion of E. A. Vanderhoef's policy does not extend coverage to Dennis Vanderhoef when he is driving any automobile other than those owned by his father.

We have considered other contentions in the light most favorable to the plaintiffs and do not find them persuasive.

We believe that the trial court's clear and comprehensive analysis of the issues in his oral opinion was correct and the court was warranted in dismissing the action at the close of plaintiffs' case since a prima facie case had not been established. The court was in error in granting a new trial. Having reversed on this ground, there is no reason to consider the arguments against the ruling on the summary judgment.

The judgment will be reversed and the garnishment action dismissed.

PEARSON and PETRIE, JJ., concur.

Petition for rehearing denied December 17, 1969.