[No. 2009-1. Division One. December 17, 1973.]

JOHN K. NICOLAYSEN, *Appellant*, v. LLOYD A. BURGESS *et al.*, *Respondents.*

*Harold E. Baily,* for appellant.

*Aiken, St. Louis & Siljeg* and *Robert C. St. Louis,* for respondents.

WILLIAMS, J.—The sole question presented in this cause is whether John K. Nicolaysen has the necessary standing to bring suit against Lloyd A. Burgess and Wanda M. Burgess, his wife, for compensation alleged to be due him for his performance as a general contractor in building a house for the Burgesses. The trial court decided that Nicolaysen did not have standing to sue and entered judgment of dismissal. This appeal followed.

The facts are that on May 6, 1969, Nicolaysen, as an individual, contracted to build a house for the Burgesses for a fixed fee. At that time, Nicolaysen was not registered as an individual contractor as required by the registration of contractors act (RCW 18.27), but was registered as a member of the partnership of Grefsrud and Nicolaysen Custom Builders. This partnership had complied with all of the requirements of the act.

The settled rule is that a contractor as defined in the act must allege and prove substantial compliance with the act at the time he enters into a contract for the performance of the work for which he seeks compensation before he is entitled to sue on the contract. RCW 18.27.080; *H.O. Meyer Drilling Co. v. Alton V. Phillips Co.,* 79 Wn.2d 431, 486 P.2d 1071 (1971).

 Nicolaysen contends that his registration as a partner in the firm of Grefsrud and Nicolaysen Custom Builders is substantial compliance with the act. We disagree. The registration of contractors act is for the protection of the public against "unreliable, fraudulent and incompetent contractors . . ." *Stewart v. Hammond,* 78 Wn.2d 216, 219, 471 P.2d 90 (1970). A bond is required to protect against the failure or refusal of a contractor to pay claims arising out of the contract, including a claim by the owner for breach of contract.

The bond issued to support the partnership registration of Grefsrud and Nicolaysen Custom Builders stated in part:

> Glenn Grefsrud and John Nicolaysen, doing business as Grefsrud and Nicolaysen Custom Builders, as Principal, and The Travelers Indemnity Company, a corporation . . . as Surety are held and firmly bound unto the State of Washington in the sum of Two Thousand and no/100's dollars . . . to be paid to the said State of Washington, for which payment well and truly to be made, we bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

The bond was ineffective to protect persons claiming against Nicolaysen in his individual capacity because the surety was released from liability when Grefsrud withdrew from the partnership. *Grand Lodge of Scandinavian Fraternity of America, Dist. 7 v. United States Fidelity & Guar. Co.,* 2 Wn.2d 561, 98 P.2d 971 (1940); *Hennessy v. Vanderhoef,* 1 Wn. App. 257, 461 P.2d 581 (1969). The surety had bargained to compensate third parties for the default or dereliction of the two partners who were both principals on the bond; it did not undertake to protect third persons from Nicolaysen's actions or inactions when Grefsrud was no longer a partner and not responsible. *Friendly v. National Sur. Co.,* 46 Wash. 71, 89 P. 177 (1907).

Nicolaysen was not in substantial compliance with the act at the time he contracted to build the house for the

Burgesses and, accordingly, may not maintain his action to recover compensation for the performance of that contract.

The judgment of dismissal is affirmed.

SWANSON, C.J., and CALLOW, J., concur.

Petition for rehearing denied February 14, 1974.

Review denied by Supreme Court April 30, 1974.