[No. 3044-1. Division One. November 10, 1975.]

DONALD CLEVENGER, ET AL, *Appellants*, v. PETERSON CONSTRUCTION COMPANY, INC., *Respondent*.

*Asmundson, Rhea & Atwood* and *R. F. Atwood*, for apellants.

*Houger, Garvey, Schubert & Barnes, Donald P. Swisher*, and *John K. Hoerster*, for respondent.

FARRIS, J.—Peterson Construction Company, Inc., and Western Washington State College entered into an agreement whereby Peterson was obligated to remove 44 large

(12 by 60 feet) mobile homes owned by the college from its Bellingham campus, transport them to Peterson's trailer park, and set them up for occupancy. It was also agreed that the college would lease Petersons' trailer park for a period of 8 years.

On September 19, 1972, Peterson subcontracted the task of relocating the mobile homes to Donald Clevenger and Michael Dailey, d/b/a Mobile Home Engineers. Mobile Home Engineers obligated itself as follows: (a) at the old site—remove the skirting and stairs, jack up the mobile homes, disconnect the flexible hoses which were used for water and sewer service, and install wheels and tongues; (b) in transit—move the skirting, stairs, and mobile homes to the new site; (c) at the new site—locate the mobile homes on the existing gravel pads, reconnect the water and sewer services with flexible hoses, remove the wheels and tongues, level the mobile homes, and reinstall the stairs and skirting.

After the relocation work had commenced, several disputes arose between Mobile Home Engineers and Peterson. Mobile Home Engineers subsequently filed suit against Peterson, seeking a recovery of $13,302.56. In response, Peterson raised the affirmative defense that Mobile Home Engineers was a specialty contractor under RCW 18.27.010 and, having failed to register, was barred from bringing suit by RCW 18.27.080. The trial court agreed with Peterson's contention and dismissed the action. Mobile Home Engineers appeals.

Mobile Home Engineers contends that it is not a contractor, specialty or general, within the purview of RCW 18.27.010 and that, even if it is, it is not barred from suing Peterson by RCW 18.27.080 because the mobile homes in question were at all relevant times personal property and, as such, the work done to them was exempted from the provisions of RCW 18.27 by RCW 18.27.090(6), which provides that RCW 18.27 is not applicable to:

> Any construction, alteration, improvement, or repair of personal property.

We agree with the latter contention.

█ Assuming without deciding, that Mobile Home Engineers is a specialty contractor within the scope of RCW 18.27.010, we find that the mobile homes involved here had not lost their identity as mobile units and therefore remained personal property. Although the hitches and wheels were removed, the axles were left on the units. They were placed on blocks rather than permanent foundations, and the utility connections are not fixed pipes but flexible hoses which can easily be disconnected.[1] The mobile homes in question are not fixtures. See *Lipsett Steel Prods., Inc. v. King County*, 67 Wn.2d 650, 652, 409 P.2d 475 (1965). They are personal property.

Reversed and remanded for reinstatement of the cause of action.

WILLIAMS, C.J., and CALLOW, J., concur.

Petition for rehearing denied February 17, 1976.

---

[1] A similar approach was taken by the taxing statutes which were in effect when the contract here was executed. See RCW 82.50.180(5) (repealed by Laws of 1971, 1st Ex. Sess., ch. 299, § 76, p. 1732, effective January 1, 1973). *See also Pedrini v. Mid-City Trailer Depot, Inc.*, 1 Wn. App. 56, 60, 459 P.2d 76 (1969). Under current law, mobile homes are included within the codified definition of real property as follows:

> Except for the purposes of chapters 84.56 and 84.60 RCW, the term real property shall also include a mobile home which has substantially lost its identity as a mobile unit by virtue of its being permanently fixed in location upon land owned or leased by the owner of the mobile home and placed on a permanent foundation with fixed pipe connections with sewer, water, or other utilities.

RCW 84.04.090.