[No. 2899-1.    Division One.    April 5, 1976.]

WILLIAM B. CAMERON, *Appellant*, v. THE STATE OF WASHINGTON, *Respondent*.

*Mann, King, Anderson, Bingham & Scraggin* and *Quinby R. Bingham,* for appellant.

---

*Slade Gorton, Attorney General,* and *James K. Pharris, Assistant,* for respondent.

WILLIAMS, C.J.—William B. Cameron instituted this action against the State of Washington for $41,443.60 for constructing a parking lot on state property and to recover a cash bid bond of $3,413.10. A motion by the State to dismiss the complaint was granted, and Cameron appeals on the theory that the State has unlawfully appropriated his property for public use without paying therefor.

The salient facts alleged in the complaint are that Cameron, while operating a construction business under the assumed name of "Cameron Oil and Asphalt Company," submitted a bid and a cash bid bond to the State for the construction of a parking lot on a state college campus in Skagit County. After being notified that he was low bidder, Cameron commenced to perform the work and was near completion when the State told him to stop because of noncompliance. Thereafter, the State used the parking lot, but refused to pay for it or return the bid bond. The two issues presented are Cameron's standing to sue and his right to return of the bid bond.

On the first issue, Cameron does not have standing to sue. RCW 18.27.080 provides as follows:

> No person engaged in the business or acting in the capacity of a contractor may bring or maintain any action in any court of this state for the collection of compensation for the performance of any work or for breach of any contract for which registration is required under this chapter without alleging and proving that he was a duly registered contractor and held a current and valid certificate of registration at the time he contracted for the performance of such work or entered into such contract.

Cameron neither alleged nor offered to prove that he was a registered contractor. In *Stewart v. Hammond,* 78 Wn.2d 216, 220, 471 P.2d 90 (1970), the Supreme Court said that this statute

was designed for protection of the public. The overriding public policy must not be defeated by an attempt to accommodate one who has violated its specific provisions, albeit unwittingly. The law will be nullified if noncomplying contractors are permitted to evade the statute by a claim of "unwitting violation" or "undue loss" or by a claim that the other contracting party will be "unduly enriched". Every noncomplying contractor could raise one or all of the suggested defenses. The remedy for those who find themselves in the position of appellant lies with the legislature.

(Footnote omitted.)

Also, observe that in *Murphy v. Campbell Inv. Co.*, 79 Wn.2d 417, 422-23, 486 P.2d 1080 (1971), the court said:

Although the above reasoning is sufficient to dispose of the instant matter, it is worth noting in passing that we find sound reasons of public policy behind denial of relief to appellants upon the other alleged grounds—*i.e.*, those in the nature of waiver, estoppel or unjust enrichment. In essence, this is true because the questioned statutory enactment is designed to protect the general public, and parties to a specific agreement should not be allowed the option of rewriting the statutory law as to themselves by agreeing to disregard the obligations of financial responsibility imposed by the statutes.

*Accord, Vedder v. Spellman*, 78 Wn.2d 834, 480 P.2d 207 (1971); *Nicolaysen v. Burgess*, 10 Wn. App. 224, 517 P.2d 222 (1973).

Cameron argues that the State is taking his property without paying just compensation in contravention of article 1, section 16 of the Washington State Constitution. Although the State is using the parking lot Cameron built without paying for it, there has not been a "taking" as used in the constitution and in the cases he cites. Rather, Cameron is denied access to the courts of the state to prosecute his claim. As seen, the Supreme Court has approved this device to foster compliance with the registration of contractors act for the good of the public. The statute is explicit and specific; the only exceptions are those set forth in the

statute. *Clevenger v. Peterson Constr. Co.*, 14 Wn. App. 424, 542 P.2d 470 (1975).

Cameron also argues, on the authority of *Armstrong v. Seattle*, 180 Wash. 39, 38 P.2d 377, 97 A.L.R. 826 (1934), that the State is bound to pay the reasonable value of his work on the parking lot because it has received the benefit of it. We do not believe the contractor registration statute can be circumscribed in this way. It is not a question of the work being performed; it is simply that there is no forum available where Cameron may successfully advance his claim. Nor is the State estopped as Cameron contends. *Murphy v. Campbell Inv. Co.*, *supra*, disposes of that point.

The second issue is whether the action for recovery of the cash bond of $3,413.10 was properly dismissed. It should be remembered that RCW 18.27.080 concerns bringing or maintaining an action "for the collection of compensation for the performance of any work or for breach of any contract . . ." The cause of action for recovery of the cash bid bond is neither one. It may be that the bond should be forfeited; that, however, is a factual question to be decided by the trial court.

The State contends that it would be "inequitable" to require it to return the bid money to Cameron because he violated the law when submitting his bid. RCW 18.27.020. We do not believe that the State in this case, although acting legally in refusing to pay for work performed, is in a position to rely upon principles of equity.

The judgment is affirmed as to the claim for service but reversed and remanded for reinstatement of the cause of action for recovery of the cash bid bond. The State shall pay costs on this appeal.

FARRIS and CALLOW, JJ., concur.

Petition for rehearing denied June 3, 1976.

Review denied by Supreme Court October 11, 1976.