[No. 3115-1.    Division One.    November 1, 1976.]

BILL BREMMEYER, *Appellant*, v. PETER KIEWIT SONS
COMPANY, *Respondent*.

*Robert Lee Ager,* for appellant.

*DeGarmo, Leedy, Oles & Morrison* and *Richard M. Stanislaw,* for respondent.

CALLOW, J.—Bill Bremmeyer, doing business as Bremmeyer Logging Company, appeals from a summary judgment dismissing an action against Peter Kiewit Sons Company for failing to register as a contractor pursuant to RCW 18.27. The summary judgment is affirmed.

Kiewit had a prime contract for the construction of several miles of Interstate (SR) 90. Kiewit subcontracted with Bremmeyer for the clearing of timber from the right-of-way. The terms of the contract provided that Bremmeyer would pay Kiewit $35,000 for the right to remove the timber, would remove the timber, furnish a payment and performance bond in the amount of $50,000, and would obtain liability insurance. The money was paid, the bond furnished, the insurance obtained, and work commenced. Before the clearing was completed, however, environmental interests succeeded in enjoining further construction of the highway. Both the prime and subcontracts were terminated. Kiewit recovered over $2,000,000 as cancellation costs from the State, but tendered only $38.73 to Bremmeyer as his share of the termination costs. Although Bremmeyer was not registered as a contractor pursuant to RCW 18.27, he commenced an action to recover the value of the remaining timber. Kiewit moved for a summary judgment dismissing the action pursuant to RCW 18.27.080 for failure to comply with the contractor registration requirements of RCW 18.27. The summary judgment was granted, and Bremmeyer now appeals.

The sole question presented is whether Bremmeyer's failure to register as a contractor pursuant to RCW 18.27 bars the instant cause of action against Kiewit.

RCW 18.27.080 provides:

No person engaged in the business or acting in the capacity of a contractor may bring or maintain any action in any court of this state for the collection of compensation for the performance of any work or for breach of any contract for which registration is required under

this chapter without alleging and proving that he was a duly registered contractor and held a current and valid certificate of registration at the time he contracted for the performance of such work or entered into such contract.

▪ ■   Bremmeyer contends, first, that as a logger he is not a contractor as defined in RCW 18.27.010 and therefore is not subject to the provisions of the registration of contractors act. We have held that loggers may be subject to the contractor registration act if they fall within the purview of RCW 18.27.010. *See Martinson v. Publishers Forest Prods. Co.*, 11 Wn. App. 42, 521 P.2d 233 (1974). RCW 18.27.010 defines a contractor as

> any person, firm or corporation who or which, in the pursuit of an independent business undertakes to . . . construct . . . for another, any building, highway, road, . . .

The question that must be answered in each case is whether the person or corporation has performed work that places the performer within the statutory definition of the term "contractor." *Northwest Cascade Constr., Inc. v. Custom Component Structures, Inc.*, 83 Wn.2d 453, 519 P.2d 1 (1974); *Stewart v. Hammond*, 78 Wn.2d 216, 471 P.2d 90 (1970).

We hold that under the statutory definition of "contractor" and the facts in this case, the plaintiff was within the definition and subject to the provisions of the contractor registration act, even though the work may have constituted a single, isolated contract outside of his usual logging operations. *Northwest Cascade Constr., Inc. v. Custom Component Structures, Inc., supra.* The work was done pursuant to a contract for the construction of an interstate highway and falls within the section of RCW 18.27.010 that encompasses undertakings to "construct . . . any . . . highway, road . . ."

■   The plaintiff further claims that several of the ex-

emptions from the contractor registration act enumerated in RCW 18.27.090 apply to the present case.

RCW 18.27.090 provides, in applicable part, as follows:

This chapter shall not apply to:

(6) Any construction, alteration, improvement, or repair of personal property;

(10) Any construction or operation incidental . . . to clearing or other work upon land in rural districts for fire prevention purposes; . . .

(12) Any person working on his own property, . . .

Subsection (6) of RCW 18.27.090 is inapplicable to the present case, for the work performed did not involve personal property. *See Clevenger v. Peterson Constr. Co.*, 14 Wn. App. 424, 542 P.2d 470 (1975). Standing timber is real property. *Dennison v. Harden*, 29 Wn.2d 243, 186 P.2d 908 (1947). A contract for the clearing of land and removal of timber, therefore, is not within the exemption of RCW 18.27.090(6). The timber remains as realty, even though the subject matter of the contract was for the sale of trees, until they were severed. Further, this was not a contract for the sale of goods or personal property from another aspect. A contract for the sale of timber to be removed from realty is a contract for the sale of goods only if the trees are to be severed by the seller. RCW 62A.2-107. Here, Bremmeyer was to cut and remove the timber.

The exemption of subsection (12) for work on one's own property is also inapplicable. The contract in the present case obligated Bremmeyer to remove the timber from and clear land owned by the State of Washington, not Bremmeyer.

Similarly, the claimed exemption of RCW 18.27.090(10) does not apply. The work was not "[a]ny construction or operation incidental . . . to clearing or other work upon land in rural districts for fire prevention purposes . . ." RCW 18.27.090(10). Fire prevention was not an "important incidental purpose . . ." contem-

plated by the parties. *Martinson v. Publishers Forest Prods. Co., supra* at 49. The only reference to fire prevention is a clause obligating Bremmeyer to comply with the contractor's fire plan with the United States Forest Service. The purpose of the contract was to remove the timber and clear a right-of-way for construction of the interstate highway, not to create a fire barrier. The terms of the exemption must be given their ordinary meaning. The term "incidental" means secondary, minor, or in connection with something more important. *Jeanneret v. Rees*, 82 Wn.2d 404, 511 P.2d 60 (1973). The removal of timber was not conceived as an incidental and secondary goal to be achieved for fire prevention purposes. The claimed exemption is inapplicable.

The third argument raised by the plaintiff is that he has substantially complied with the act. He asserts that his compliance with the contractual provisions requiring the furnishing of a performance and payment bond to Kiewit in the amount of $50,000, plus the obtaining of adequate workmen's compensation and employer's liability insurance for employees, as well as personal injury and property damage liability insurance, constituted substantial compliance for the purposes of the contractor registration act.

It is true that substantial compliance with the act will afford relief from its sanctions if the compliance satisfies the legislative purpose of protecting the public from unreliable, fraudulent, and incompetent contractors. *Northwest Cascade Constr., Inc. v. Custom Component Structures, Inc., supra; Jeanneret v. Rees, supra; H.O. Meyer Drilling Co. v. Alton V. Phillips Co.*, 79 Wn.2d 431, 486 P.2d 1071 (1971); *Murphy v. Campbell Inv. Co.*, 79 Wn.2d 417, 486 P.2d 1080 (1971); *Dunkelberger v. Baker*, 12 Wn. App. 917, 533 P.2d 433 (1975); *Martinson v. Publishers Forest Prods. Co., supra; Nicolaysen v. Burgess*, 10 Wn. App. 224, 517 P.2d 222 (1973); *Andrews Fixture Co. v. Olin*, 2 Wn. App. 744, 472 P.2d 420 (1970).

Here, however, the record does not demonstrate substantial compliance with the act. No attempt was made to com-

plete· the required registration. *Jeanneret v. Rees, supra*; *Dunkelberger v. Baker, supra.* In addition, the performance and payment bond, plus the personal injury and property damage liability insurance required by the contract, were inadequate replacements for the demonstration of fiscal responsibility in the form of a bond and liability insurance required by RCW 18.27.040 and RCW 18.27.050. To achieve the act's purpose of protecting the public from unreliable contractors, the bond required by RCW 18.27.040

> protects all persons furnishing labor and materials, the customers dealing with the contractor as to improper workmanship or breach of contract, and the state against nonpayment of taxes and assessments.

*Andrews Fixture Co. v. Olin, supra* at 748-49. The bond must run to the State of Washington. RCW 18.27.040.

The private common-law bond posted by the plaintiff in the present case does not run to the State, but protects only Kiewit for negligent work or breach of contract. *Layrite Concrete Prods. of Kennewick, Inc. v. H. Halvorson, Inc.*, 68 Wn.2d 70, 411 P.2d 405 (1966); *Brower Co. v. Noise Control of Seattle, Inc.*, 66 Wn.2d 204, 401 P.2d 860 (1965). Neither the State of Washington nor persons furnishing labor, material, or equipment, two classes of persons protected by the bond required pursuant to RCW 18.27.040, would have been protected directly by the bond posted here. Two classes of beneficiaries entitled to the financial protection assured by the registration act are, therefore, deprived of that protection under the bond in issue. *H.O. Meyer Drilling Co. v. Alton V. Phillips Co.*, 2 Wn. App. 600, 468 P.2d 1008 (1970), *aff'd*, 79 Wn.2d 431, 486 P.2d 1071 (1971). Bremmeyer's bond, therefore, was an insufficient substitute for the bond required by RCW 18.27.040. Further, the insurance obtained does not equal that required by RCW 18.27.050. The insurance coverage issued protected only against claims arising from Bremmeyer's work for Kiewit on the highway construction contract. The statute requires satisfactory evidence of insurance covering all contracting operations. RCW 18.27.050. Bremmeyer has not

demonstrated substantial compliance with the purposes of the contractor registration act.

█ The fourth assertion by the plaintiff is that the statute should not apply to actions between a general contractor and subcontractor. The argument is made that Kiewit, as a large and sophisticated prime contractor, was neither in need of nor intended to have the protection of the registration act. A similar argument was rejected in *Jeanneret v. Rees, supra* at 408-09, which stated:

> If it was the intention of the legislature that the statute should not be applicable where work is performed for a member of the same profession, it could have so provided. Where there are express exceptions in a statute, as in the instant case, the statute applies to all cases not excepted, and no other exceptions can be read into the statute. . . .
>
> . . .
>
> It is obvious then that the statutory enactment does not permit exceptions upon equitable grounds and the only exceptions therefore would be the specific exceptions provided in RCW 18.27, or . . . by the plaintiff having substantially complied with the requirements of RCW 18.27.

The contractor registration statute applies to actions between prime and subcontractors.

The fifth argument advanced is that the plaintiff's cause of action is for conversion of the remaining timber rather than for breach of contract and, consequently, not barred by the registration act.

█ RCW 18.27.080 bars only actions "for the collection of compensation for the performance of any work or for breach of any contract . . ." *Cameron v. State*, 15 Wn. App. 250, 548 P.2d 555 (1976). The cause of action advanced by the plaintiff was for breach of contract, however. The complaint is captioned "Complaint for Breach of Contract," it alleges that the order to stop clearing was a "breach of contract," and the complaint prays for damages for the value of the remaining timber plus the expenses incurred in terminating the work. The plaintiff's action seeks to achieve for the plaintiff the position that would

have been achieved had the contract been performed. The facts do not present a cause of action for conversion. *Barnett v. Everett Trust & Sav. Bank*, 13 Wn. App. 332, 334, 534 P.2d 836 (1975), defined conversion stating:

> A conversion is
> the act of wilfully interfering with any chattel, without lawful justification, whereby any person entitled thereto is deprived of the possession of it." [*Salmond on the Law of Torts* § 78, at 310 (9th ed. 1936).]

This is an attempt to recover damages for breach of contract, not an action for conversion, and falls within the requirements of the statute. *Dravo Corp. v. L.W. Moses Co.*, 6 Wn. App. 74, 492 P.2d 1058 (1971). The action brought does not involve a chattel. The standing timber is realty. Further, neither an intentional and willful interference, nor Bremmeyer's right to possession of the trees has been shown.

The last argument presented is that the contractor registration act denies the fundamental constitutional right of free access to the courts. The plaintiff relies upon *Carter v. University of Washington*, 85 Wn.2d 391, 536 P.2d 618 (1975), which held that a bona fide indigent litigant, who in good faith asserts a claim with probable merit, may not be denied the right to seek appellate review of an administrative ruling on the basis of inability to pay the filing fee and to post a bond for costs on appeal. The *Carter* case stated at page 397:

> In order to assess the constitutionality of impediments placed upon access to the courts, both the nature of the asserted right and the reasons for the restrictions placed upon it by the State must be considered.

The *Carter* opinion concluded that access to the courts was a fundamental right under the Constitution of the State of Washington. The unconstitutional restriction there was based upon the litigant's wealth, a classification found to be not justified by a compelling state interest.

Here the determinative classification is based, not upon wealth, but upon whether the contractor has regis-

tered pursuant to the act, has substantially complied with the act, or qualifies for one of the enumerated statutory exemptions to registration. As stated in *Treffry v. Taylor*, 67 Wn.2d 487, 493, 408 P.2d 269 (1965), in upholding a constitutional challenge to the registration of contractors act on similar grounds:

> A legislative enactment requiring the registration of contractors is an exercise of the police power of the state.
>
> . . .
>
> . . . The only limitation upon the exercise of this sovereign power by a legislative body is that the questioned enactment must reasonably tend to correct some evil or promote some public interest, and that it must not be violative of any positive mandate of the constitution.

Placing contractors into a class is a reasonable classification far different from one based upon wealth.

The purpose of the statute was stated in *Stewart v. Hammond*, 78 Wn.2d 216, 219, 471 P.2d 90 (1970):

> RCW 18.27, *et seq.*, was designed to prevent the victimizing of a defenseless public by unreliable, fraudulent and incompetent contractors, many of whom operated a transient business from the relative safety of neighboring states. Public protection was sought by the registration and bonding of contractors. RCW 18.27.020-.040 inclusive. Noncompliance was discouraged by providing a criminal penalty, RCW 18.27.020, and by denying offenders access to the courts for collection of compensation for performance of work or for breach of contract. RCW 18.27.080.

The enunciated state purpose constitutes a sufficient reason for denying a forum to contractors who ignore the registration requirements of the act.

The judgment is affirmed.

WILLIAMS, C.J., and SWANSON, J., concur.

Petition for rehearing denied February 10, 1977.

Review granted by Supreme Court July 27, 1977.