[Nos. 44593, 44594. En Banc. September 29, 1977.]

JOINT ADMINISTRATIVE BOARD OF THE PLUMBING AND PIPE–FITTING INDUSTRY, *Respondent,* v. DANIEL C. FALLON, ET AL, *Defendants,* FINANCIAL INDEMNITY COMPANY, *Appellant.*

EMPIRE PACIFIC INDUSTRIES, INC., *Respondent,* v. ROBERT LEE KIENBAUM, ET AL, *Defendants,* FINANCIAL INDEMNITY COMPANY, *Appellant.*

*Weckworth, Meyer, Mackin, Harrison & Calmes,* by *James C. Harrison,* for appellants.

*Hubbard & Burns, Inc., P.S.,* by *Jack R. Burns* and *David Schnapf,* for respondent Joint Administrative Board.

*Hay & Epstein,* by *Maurice M. Epstein,* for respondent Empire Pacific Industries, Inc.

HAMILTON, J.—These two cases both involve the contention by a surety that it is not liable on its contractors' surety bonds until the contractors have received certificates of registration pursuant to RCW 18.27. The two cases were tried separately in King County Superior Court and were designated companion cases on appeal. The surety, Financial Indemnity Company (FIC), is the appellant in both cases. The issues in the two cases are sufficiently similar to warrant a single opinion. We shall first set forth separately the facts in each case.

In Joint Administrative Board v. Fallon (hereinafter referred to as Fallon), FIC issued its contractor's surety bond No. 261440L to defendant, Commercial Electrical and

Mechanical, Inc. (Commercial), on March 4, 1974. Although the bond was issued so that Commercial could apply for a contractor's certificate of registration under RCW 18.27, Commercial never completed its application, nor did it receive a certificate of registration.

Subsequent to the issuance of the contractor's surety bond, Commercial became indebted to respondent (plaintiff), Joint Administrative Board of the Plumbing and Pipefitting Industry (JAB), for unpaid contributions to three union trust funds. Commercial was obligated to make these contributions pursuant to a collective bargaining agreement which it had signed.

When Commercial failed to make its contributions to the trust funds, JAB brought suit against Commercial and FIC bond No. 261440L, among others. The trial court granted JAB's motion for partial summary judgment against FIC on the issue of FIC's liability on its bond. The parties then stipulated without prejudicing FIC's right to appeal the summary judgment, that JAB was entitled to recover $1,424.23 from FIC's bond. An order was so entered, and FIC then instituted the present appeal, claiming that it is not liable on bond No. 261440L because Commercial never received a certificate of registration.

In Empire Pacific Industries v. Kienbaum (hereinafter referred to as Kienbaum), FIC issued its contractor's surety bond No. 269824L to defendant, Washington Roofing and Siding (WRS), on March 3, 1975. On March 7, 1975, the Department of Labor and Industries issued a certificate of registration to WRS. Sometime between the above two dates, WRS became indebted to respondent (plaintiff), Empire Pacific Industries (Empire), for materials and services furnished to WRS. When WRS failed to pay for these materials and services, Empire instituted this action against WRS (and the individuals doing business as WRS) and FIC bond No. 269824L. The trial court granted Empire's motion for summary judgment against the bond and entered judgment for Empire against FIC in the amount of $745.47. FIC has appealed from that summary

judgment, claiming that its liability on bond No. 269824L did not commence until WRS received its certificate of registration.

FIC contends that the statutory framework of RCW 18.27 provides that a surety's liability on its bond does not commence until the contractor receives a certificate of registration. Therefore, the argument goes, FIC cannot be liable in Fallon because Commercial never received a certificate of registration, and cannot be liable in Kienbaum because WRS became indebted to Empire before WRS received its certificate of registration. We have carefully read through RCW 18.27 and have failed to find any express provision which states that a surety's liability on its bond does not commence until the contractor receives a certificate of registration. FIC argues that certain language found in RCW 18.27.040 impliedly requires a contractor to have received a certificate of registration before the surety is liable on its bond. The language of RCW 18.27.040 upon which FIC relies provides:

> Any person having a claim against the contractor for any of the items referred to in this section may bring suit upon such bond in the superior court of the county in which the work is done or of any county in which jurisdiction of the contractor may be had. *Action upon such bond or deposit shall be commenced by serving and filing of the complaint within one year from the date of expiration of the certificate of registration in force at the time the claimed labor was performed and benefits accrued,* taxes and contributions owing the state of Washington became due, materials and equipment were furnished, or the claimed contract work was completed.

(Italics ours.)

■ We do not believe this language indicates a legislative intent that no claim can be filed against a contractor's surety bond unless the claim arose during the period when the contractor was registered. This portion of RCW 18.27-.040 merely acts as a statute of limitations, requiring the claimant to bring his claim within 1 year after the certificate of registration has expired. It does not state that the

surety is not liable on its bond until the contractor receives a certificate of registration. Furthermore, FIC is not claiming in *Fallon* that if Commercial had registered and received its certificate of registration, JAB would be barred from bringing this action against Commercial and bond No. 264110L, because JAB's claim would have been filed over 1 year after Commercial's certificate of registration would have expired. In addition, FIC is not claiming in *Kienbaum* that Empire is barred from bringing its action against WRS and bond No. 269824L because of the time limitation in RCW 18.27.040. Thus, FIC cannot claim the benefit of the above provision in RCW 18.27.040.

██ FIC also argues that the terms of both bonds provide that its liability is conditioned on the contractors (Commercial and WRS) receiving certificates of registration.[1] Generally, a surety's liability on its bond is determined by the terms of the bond. If the language of the bond is plain and unambiguous, the bond is interpreted under general contract principles in ascertaining the mutual intentions of the parties. However, if the language of the bond is ambiguous, the bond is construed in favor of liability of the surety. *See National Bank v. Equity Investors,* 86 Wn.2d 545, 546 P.2d 440 (1976); 12 Am. Jur. 2d *Bonds* § 25 (1964). For example, where a bond expressly provides that the surety's liability is limited to the period when the principal is licensed, the surety is not liable for any actions taken by the principal prior to issuance of the license. *See Massachusetts Bonding & Ins. Co. v. Bank of Aurora,* 124 Colo. 485, 238 P.2d 872 (1951); *Giese v. Engelhardt,* 175 N.W.2d 578 (N.D. 1970). Neither of FIC's bonds expressly conditions FIC's liability on the contractors (Commercial and WRS) receiving certificates of registration from the Department of Labor and Industries. The bonds merely recite that the principal has made an application for a certificate of registration and that a bond is required by RCW

---

[1]The terms of bonds Nos. 261440L and 269824L upon which FIC relies are identical.

18.27. This recital in both bonds does not clearly and unambiguously prove the parties' mutual intention that FIC's liability was not to commence until the contractors (Commercial and WRS) received certificates of registration.

We believe the evidence in the records before us sufficiently indicates Commercial's and FIC's mutual intention and WRS's and FIC's mutual intention that the surety bonds would become effective on the dates they were respectively executed.

 Generally, a bond is effective when delivered and accepted. *Prosser Power Co. v. United States Fidelity & Guar. Co.,* 73 Wash. 304, 132 P. 48 (1913); *R.W. Rhine, Inc. v. Tacoma,* 13 Wn. App. 597, 536 P.2d 677 (1975); 12 Am. Jur. 2d *Bonds* § 15 (1964); 72 C.J.S. *Principal and Surety* § 55 (1951). Although the records before us do not contain evidence regarding when the bonds were delivered and accepted, the records do disclose that the bond in Fallon was signed and dated by Commercial and FIC on March 4, 1974, and the bond in Kienbaum was signed and dated by WRS and FIC on March 3, 1975. Because FIC presented no evidence to the contrary regarding the delivery and acceptance of the bonds in either proceeding below, we must conclude that the parties intended the bonds to become effective on the respective dates they were executed. *Cf. State ex rel. Dunbar v. Shokuta,* 131 Wash. 291, 230 P. 166 (1924). Further, Commercial applied for a contractor's surety bond with an effective date of March 1, 1974, and paid the annual premium for the bond. FIC has never attempted to return this annual premium, nor has it sought to rescind the bond for failure of Commercial to complete its contractor's registration. We think the facts before the two trial courts clearly established that FIC and Commercial understood bond No. 261440L was effective during the time Commercial became indebted to JAB, and that FIC and WRS understood bond No. 269824L was effective during the time WRS became indebted to Empire.

We also believe our prior cases on the doctrine of substantial compliance under RCW 18.27.080[2] support the trial court's decision in Kienbaum. *See Murphy v. Campbell Inv. Co.,* 79 Wn.2d 417, 486 P.2d 1080 (1971); *H.O. Meyer Drilling Co. v. Alton V. Phillips Co.,* 2 Wn. App. 600, 468 P.2d 1008 (1970), *aff'd,* 79 Wn.2d 431, 486 P.2d 1071 (1971). In those cases on substantial compliance, the contractors had procured the surety bonds and the liability insurance required by RCW 18.27.040 and .050. However, for various reasons, they did not have their certificates of registration at the time they entered into contracts to perform contracting work. Because they held the proper surety bonds and liability insurance at the time they entered into the contracts, we held they had substantially complied with RCW 18.27 and were not barred by RCW 18.27.080 from bringing actions for damages under the contracts. FIC, by asking us to find that RCW 18.27.040 requires WRS to have received a certificate of registration before FIC became liable on its bond, is essentially asking us to overrule the substantial compliance cases. This we decline to do.

There is one additional matter in Fallon which must be discussed in this opinion. In its brief, JAB has asked for attorney fees on appeal pursuant to RAP 18.1(a). JAB is entitled to attorney fees on appeal by a provision in the collective bargaining agreement which Commercial signed, *see Granite Equip. Leasing Corp. v. Hutton,* 84 Wn.2d 320, 327, 525 P.2d 223 (1974), and RCW 18.27.040 provides that a surety may be liable on its bond for court costs, interest, and attorney fees which a plaintiff is entitled to recover.

---

[2]RCW 18.27.080 provides:

"No person engaged in the business or acting in the capacity of a contractor may bring or maintain any action in any court of this state for the collection of compensation for the performance of any work or for breach of any contract for which registration is required under this chapter without alleging and proving that he was a duly registered contractor and held a current and valid certificate or registration at the time he contracted for the performance of such work or entered into such contract."

Because JAB is entitled to recover its costs as the prevailing party, *see* RAP 14.2, and because RCW 18.27.040 limits FIC's total liability to the amount named in its bond, we are remanding Fallon to the trial court for a determination of the costs and attorney fees which JAB is entitled to recover from FIC. *See* RAP 18.1(e).

The judgments of the trial courts in Kienbaum and Fallon are affirmed. However, Fallon is remanded to the trial court for a determination of the costs and attorney fees respondent is entitled to recover.

WRIGHT, C.J., and ROSELLINI, STAFFORD, UTTER, BRACHTENBACH, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.