[No. 2373-2.   Division Two.   December 28, 1977.]

UDALL CONSTRUCTION CO., INC., *Appellant,* v.
KATHERINE K. ELLIOTT, *Respondent.*

*Mark G. Honeywell,* for appellant.

*Murray J. Anderson,* for respondent.

PETRIE, J.—Plaintiff, Udall Construction Company, appeals from a judgment dismissing its action to foreclose a lien and to collect compensation allegedly due from defendant, Katherine K. Elliott, on a construction project. We reverse and remand for entry of judgment consistent with the trial court's finding as to the amount of the balance due on the contract.

The sole issue on appeal is whether a general contractor who has, initially, duly registered with the State of Washington as required by RCW 18.27, and who has continuously thereafter kept in force the surety bond and public liability insurance policies required by RCW 18.27, may pursue a cause of action for compensation allegedly due from a party for whom the contractor has performed work, notwithstanding the contractor's failure, annually thereafter, to file with the appropriate state agency evidence of such insurance and to pay the required registration fee. We hold that, under those facts, the contractor has substantially complied with the contractor's registration act and may, therefore, maintain an action to collect the balance due under a contract which he has performed.

The parties have stipulated the facts, which we summarize as follows. Udall, a Washington corporation, registered with this state as a general contractor pursuant to RCW 18.27 in August 1963. Its registration expired on August 1, 1966. In 1966 Udall's president inadvertently failed to renew the corporation's certificate of registration. This oversight was not corrected until 1971. Each year during this period, however, Udall timely renewed its surety bond and liability insurance; and in particular, from May 25 to July 8, 1970, Udall had in full force and effect a general contractor's surety bond and public liability and property damage insurance in amounts required by RCW 18.27.040 and .050. Nevertheless, Udall did not file evidence of this

bond and insurance with the State of Washington, nor did it pay the applicable registration fees to the state.

On May 25, 1970, Udall contracted with the defendant, Katherine Elliott, to perform labor and supply materials for the renovation of Ms. Elliott's real property. After completing the renovation on or about July 8, 1970, and not having been paid, Udall filed a lien against the property. Udall timely commenced this action to foreclose the lien and recover the outstanding balance due on the contract. The trial court dismissed the action pursuant to RCW 18.27.080, which prohibits an *unregistered* contractor from initiating and maintaining a suit to collect compensation for the performance of work such as Udall provided for Ms. Elliott.

The policy supporting RCW 18.27 has been uniformly construed by the courts of this state to be the prevention of unreliable, fraudulent and incompetent contractors from victimizing the public. *Northwest Cascade Constr., Inc. v. Custom Component Structures, Inc.,* 83 Wn.2d 453, 519 P.2d 1 (1974); *Murphy v. Campbell Inv. Co.,* 79 Wn.2d 417, 486 P.2d 1080 (1971); *Stewart v. Hammond,* 78 Wn.2d 216, 471 P.2d 90 (1970); *Expert Drywall, Inc. v. Brain,* 17 Wn. App. 529, 564 P.2d 803 (1977). These cases have enunciated the principle that if the nonregistered contractor can demonstrate indicia of minimal financial responsibility, that is, bonding and insurance, it has substantially complied with the statutory scheme to protect the public. No reported opinion in this state has deemed a contractor to be in substantial compliance with the statute if the contractor has been, in fact, *unregistered for a number of years* and has *neglected to file evidence* of the effective bond and insurance with the proper state agency. Nevertheless, we are unable to perceive why these oversights should detract from a determination of substantial compliance with the statute.

The courts have refused to recognize substantial compliance when the contractor was *inadequately* bonded and insured. *Jeanneret v. Rees,* 82 Wn.2d 404, 511 P.2d 60

(1973); *Stewart v. Hammond, supra; Bremmeyer v. Peter Kiewit Sons Co.,* 16 Wn. App. 318, 555 P.2d 1183 (1976); *Dunkelberger v. Baker,* 12 Wn. App. 917, 533 P.2d 433 (1975). In the instant case, however, the contractor's failure to register did not deprive the public of fiscal protection. *See Joint Administration Bd. of Plumbing & Pipefitting Indus. v. Fallon,* 89 Wn.2d 90, 569 P.2d 1144 (1977). The protection afforded by Udall's bond and insurance was no less effective for a period of years than a period of days.

Defendant emphasizes that even though Udall was properly bonded and insured, failure to register precluded public notice of this fact. Such notice, however, is to aid persons dealing with contractors in determining that such contractors have, in fact, met the minimal security and financial responsibility standards imposed by the registration act. *Murphy v. Campbell Inv. Co., supra.* The parties have, in effect, stipulated that Udall met those standards at the time it contracted with Ms. Elliott.

We hold that, under the facts of this case, Udall substantially complied with the requirements of RCW 18.27 at the time it contracted with the defendant and should have been allowed to pursue its claim. Accordingly, we reverse and direct the entry of judgment in favor of plaintiff in the amount of the unpaid balance as found by the trial court, together with interest, costs and reasonable attorney's fees (including fees on appeal) to be determined by the trial court.

REED, A.C.J., and JOHNSON, J. Pro Tem., concur.

Petition for rehearing denied January 24, 1978.