[No. 10908-5-II.   Division Two.   October 19, 1988.]

ALASKA CASCADE FINANCIAL SERVICES, INC., *Appellant*, v. DOORS NORTHWEST, INC., ET AL, *Respondents.*

*Steven E. McGovern* and *Merrill, Imler & McGovern,* for appellant.

*Donald N. Powell,* for respondent Doors Northwest.

*Mark R. Patterson, Shawn A. Flood,* and *Kane, Vandeberg, Hartinger & Walker,* for respondents Puget Sound Mechanical, et al.

WORSWICK, J.—We are asked to decide whether, for purposes of labor claims against a contractor's bond under RCW 18.27.040(4), those who furnish labor on modular home units destined for, but not yet delivered to, homesites have equal priority with those furnishing labor on the homesites. We hold that such claimants have equal priority, and we affirm a trial court order to that effect.

Pan Western, Inc., was in the business of building modular homes at its plant, and then installing them on its customer's sites. It registered as a contractor under RCW 18.27 and furnished the required bond. RCW 18.27.040.

Sehmel Construction, assignor of Alaska Cascade Financial Services, Inc., supplied labor during the construction of foundations on some of the sites. Groff's Electric Heat, Inc., and Puget Sound Mechanical, Inc., performed labor on the modular units while they were under construction at Pan Western's plant.

Pan Western did not pay, and Groff's, Puget Sound Mechanical and Alaska Cascade all asserted labor claims against Pan Western's $6,000 bond. The surety company paid the bond into court and left the case. This contest arises because the bond proceeds are insufficient to pay all claims in full. Alaska Cascade appeals the order according equal priority—and thus pro rata distribution—to each of the three claimants, because it contends that its claim should be superior.

Former RCW 18.27.090(6) (Laws of 1973, 1st Ex. Sess., ch. 153, § 6) provided in relevant part:

Exemptions: This *chapter* shall not apply to:

. . .

(6) Any construction, alteration, improvement, or repair of personal property;[1]

(Italics ours.) Alaska Cascade argues that because the modular units were personal property while at Pan Western's plant, Pan Western's bond is exempted by this statute from the claims of those who supplied labor there, because their labor was not supplied in the improvement of real property. We disagree.

■ RCW 18.27.090 exempts only *certain contractors* from registration; it does not exempt *certain work* as the basis for a claim. It does nothing more than identify those whose work the Legislature saw fit to exclude from the act.

---

[1]This section has since been amended to read:
Exemptions. This chapter shall not apply to:

. . .

(6) Any construction, alteration, improvement, or repair of personal property, except this chapter shall apply to all mobile/manufactured housing. . . .
(Laws of 1987, ch. 313, § 1.) Thus, now a modular housing builder is a contractor under the law even if he does not install the units on real property.

*See* RCW 18.27.140; *Mike's Rental Mach., Inc. v. Corbett Draw Farms, Inc.,* 44 Wn. App. 257, 261, 721 P.2d 1000, *review denied,* 107 Wn.2d 1003 (1986); *cf. Clevenger v. Peterson Constr. Co.,* 14 Wn. App. 424, 542 P.2d 470 (1975). Validity of claims against a bond cannot be determined by a statute that makes the bond unnecessary. The *chapter* (RCW 18.27) applied to Pan Western because it worked on real property.

Alaska Cascade next contends that, because the work of Groff's and Puget Sound Mechanical was not performed on the homesites, their claims should be classified as for material, not labor, and thus inferior to its labor claim. *See* RCW 18.27.040(4)(a), (c). This is so, Alaska Cascade argues, because their work was not done on real property and therefore at best was incorporated in materials (the modular units) used to improve the sites. In support of this argument, Alaska Cascade cites the definition of "contractor" in RCW 18.27.010 as one who improves real property.

█ The argument is a non sequitur. RCW 18.27.010 simply identifies those contractors required to register and post a bond. Pan Western was such a contractor. On the other hand, RCW 18.27.040 protects *all* who deal with registered contractors. *Bremmeyer v. Peter Kiewit Sons Co.,* 90 Wn.2d 787, 791, 585 P.2d 1174 (1978). It accords priority to the type of work done, and makes no distinctions concerning where it was done. If the Legislature intended to make such a distinction, it would have said so. It did not, and we will not read into the statute what is not there. *King Cy. v. Seattle,* 70 Wn.2d 988, 425 P.2d 887 (1967).

Alaska Cascade's final contention, that bond claim priorities are to be determined with reference to lien statutes, is contrary to settled law. We reject it. *Harbor Millwork, Inc. v. Achttien,* 6 Wn. App. 808, 815, 496 P.2d 978 (1972).[2]

---

[2]We note in passing the respondents' argument that, notwithstanding the statute, the language of the bond should control. This argument is inapposite. Such analysis should, in our view, be reserved for cases in which the proper issue is whether a claimant is appropriately classed as a third party beneficiary under

592

Affirmed.

REED, C.J., and ALEXANDER, J., concur.

the suretyship undertaking. *See, e.g., Joint Admin. Bd. of Plumbing & Pipefitting Indus. v. Fallon,* 89 Wn.2d 90, 569 P.2d 1144 (1977). This is not such a case.