[No. 28587. Department Two. February 20, 1942.]

DRURY THE TAILOR, *Appellant,* v. T. M. JENNER *et al., Respondents.*[1]

[1]Reported in 122 P. (2d) 493.

*Dix H. Rowland,* for appellant.

*The Attorney General* and *Ralph B. Sproule, Assistant,* for respondents.

JEFFERS, J.—Drury the Tailor, a corporation, instituted this action against T. M. Jenner and T. S. Hedges, as tax commissioners of the state of Washington, to obtain a refund of the sum of $285.66, paid by plaintiff to the state, as a tax on its business activity as a manufacturer, pursuant to an assessment made by the tax commission under chapter 180, p. 706, Laws of 1935 (commonly known as the business and occupation tax law), as amended by chapter 225, p. 976, Laws of 1939 (Rem. Rev. Stat. (Sup.), § 8370-4 [P. C. § 7030-64]). Plaintiff in its complaint also asked that the tax commission be enjoined from collecting or attempting to collect current or future taxes under such law, and that the commission be required to prescribe a rule to prevent the tax inequality complained of.

The facts in this case are not in dispute, and may be stated as follows: Plaintiff, for the past fifty years, has conducted a merchant tailoring business in Tacoma and Seattle, and is engaged exclusively in fabricating clothing for its customers, upon special orders. Plaintiff's customers select patterns of cloth from those in stock, the cloth selected is then cut and fabricated on

plaintiff's premises, in accordance with the measurements taken, and, when the operation is completed, the clothes are delivered to the customer, who pays plaintiff therefor a sum which covers the cost of the materials, labor, overhead expenses, and profit.

Plaintiff sells men's clothing at retail, as defined in § 2, chapter 225, p. 979, Laws of 1939 (Rem. Rev. Stat. (Sup.), § 8370-5 [P. C. § 7030-65]), amending § 5, chapter 180, Laws of 1935, as amended by § 2, chapter 227, p. 1138, Laws of 1937, and has paid a tax on its sales at retail. Plaintiff was also classified by the tax commission as a manufacturer, and an additional tax was assessed against plaintiff for the period May 1, 1939, to April 30, 1940, under the "manufacturing" classification, in the sum of $285.66, including interest. The tax last above mentioned was paid by plaintiff on August 8, 1940.

Job printers are assessed under the act at one-quarter of one per cent on their gross income, although job printers produce printing on special order, the job printers furnishing the materials.

Plaintiff has certain competitors who do the same kind of business as plaintiff, except that they manufacture outside the state the clothing sold by them, and these persons pay only a retail tax of one-quarter of one per cent.

The case was tried to the court, and thereafter the court entered judgment wherein it decreed that plaintiff take nothing under its complaint, and that the action be dismissed. Plaintiff has appealed from the judgment entered September 2, 1941.

Appellant makes two assignments of error: (1) The court erred in dismissing the complaint and awarding costs against plaintiff; (2) the court erred in not granting appellant's demand for judgment in the sum of $285.66, and interest, and in not restraining respond-

ents from imposing the tax on appellant as a manufacturer in the future, and in not requiring the tax commission to prescribe a rule to correct the tax inequality.

This action involves a consideration of certain sections of the business and occupation tax law, being title II, chapter 180, Laws of 1935, as amended by chapter 225, Laws of 1939. Following are the provisions of the statute to be considered in connection with the questions raised here:

Section 1, chapter 225, p. 976, Laws of 1939, provides:

"That section 4, chapter 180, Laws of 1935, as amended by section 1, chapter 227, Laws of 1937, (section 8370-4, Remington's Revised Statutes), be and the same hereby is amended to read as follows:

"Section 4. From and after the first day of May, 1935, there is hereby levied and there shall be collected from every person a tax for the act or privilege of engaging in business activities. Such tax shall be measured by the application of rates against value of products, gross proceeds of sales, or gross income of the business, as the case may be, as follows:

"(a) Upon every person engaging within this state in business as an extractor; . . . [not material herein]

"(b) Upon every person engaging within this state in business as a manufacturer; as to such persons the amount of the tax with respect to such business shall be equal to the value of the products manufactured, multiplied by the rate of one-quarter of one per cent;

"The measure of the tax is the value of the products so manufactured regardless of the place of sale or the fact that deliveries may be made to points outside the state;

"(c) Upon every person engaging within this state in the business of making sales at retail; as to such persons, the amount of tax with respect to such business shall be equal to the gross proceeds of sales of the bus-

iness, multiplied by the rate of one-quarter of one per cent;

"(d) Upon every person engaging within this state in the business of buying wheat, oats and barley, but not including any manufactured or processed products thereof, and selling the same at wholesale; . . . [not material herein]

"(e) Upon every person except persons taxable under sub-section (d) above engaging within this state in the business of making sales at wholesale; . . . [not material herein]

"(f) Upon every person engaging within this state in the business of printing and of publishing newspapers, periodicals or magazines; as to such persons, the amount of tax on such business shall be equal to the gross income of the business multiplied by the rate of one-quarter of one per cent;

"(g) Upon every person engaging within this state in any business activity other than or in addition to those enumerated in sub-sections (a), (b), (c), (d), (e) and (f) above; . . . [not material herein]" (Rem. Rev. Stat. (Sup.), § 8370-4 [P. C. § 7030-64]).

Section 2, chapter 225, p. 979, Laws of 1939, defines the words and terms referred to in the above quoted section, and provides in part as follows:

"That section 5, chapter 180, Laws of 1935, as amended by section 2, chapter 227, Laws of 1937, (section 8370-5, Remington's Revised Statutes), be and the same hereby is amended to read as follows: . . .

"(c) The word 'sale' means any transfer of the ownership of, or title to, property for a valuable consideration and includes any activity classified as a 'sale at retail' or 'retail sale' under sub-section (d) of this section. . . .

"(d) The term 'sale at retail' or 'retail sale' means every sale of tangible personal property other than a sale to one who purchases for the purpose of resale in the regular course of business or for the purpose of consuming the property purchased in the producing for sale a new article or substance, of which such property is an ingredient or component or a chemical used in processing same. The term 'sale at retail' or 'retail

sale' shall be construed to include: (1) The production, fabrication or printing of tangible personal property for consumers thereof upon special order and shall also include the production, fabrication or printing of tangible personal property for consumers thereof who furnish either directly or indirectly the materials used in such work; . . .

"(j) The word 'manufacturer' means every person who, either directly or by contracting with others for the necessary labor or mechanical services, manufactures for sale or commercial use from his own materials or ingredients any articles, substances or commodities. When the owner of equipment or facilities furnishes, or sells to the customer prior to manufacture, all or a portion of the materials that become a part or whole of the manufactured article, the Tax Commission shall prescribe equitable rules for determining tax liability." (Rem. Rev. Stat. (Sup.), § 8370-5 [P. C. § 7030-65].)

The particular sections involved herein are those concerning retailers and manufacturers. As stated, appellant has paid the tax imposed upon him by the statute as a retailer, and has also paid the tax imposed upon him as a manufacturer, but seeks herein to have the latter tax refunded and the tax commission enjoined from levying or collecting any further tax against it as a manufacturer, contending that the classification of appellant as a manufacturer does not rest on a reasonable basis, and that the classification is arbitrary and capricious. We quote from page seven of appellant's brief:

"All businesses therefore which manufacture on special order, furnishing some or all of the materials, are both retailers and manufacturers and taxable in each class."

The statement of appellant continues:

"If that was all there is to it we would have no complaint. But the statute, without apparent rhyme

or reason, singles out persons engaged in the business of printing and publishing newspapers, periodicals or magazines . . . and imposes on them a tax of one-fourth of one per cent even though they may do precisely the same kind of business. . . . Assuming that varying rates can be imposed on various businesses, this statute goes further,. it makes a classification not based on a different sort of business but based upon a business of special orders where the seller furnishes the materials for the manufacture of personal property, and then, out of the hundreds of businesses, selects just one and by adroit definition exempts 'printing and publishing newspapers, periodicals or magazines' from one of the taxes even though that business may operate exactly as a merchant tailor."

█ That the tax in question is an excise tax, there can be no question; nor can there be any question but that the legislature has a wide discretion in classifying business activities for the purpose of levying excise taxes. *State ex rel. Stiner v. Yelle,* 174 Wash. 402, 25 P. (2d) 91; *Supply Laundry Co. v. Jenner,* 178 Wash. 72, 34 P. (2d) 363.

In the very recent case of *Texas Co. v. Cohn,* 8 Wn. (2d) 360, 112 P. (2d) 522, we discussed at length the question of the power of the legislature to classify businesses for excise tax purposes. We can add nothing to what was stated therein, and upon the authority of that case we are of the opinion that the legislature was justified in classifying custom tailors as manufacturers and not so classifying persons engaged in printing and publishing newspapers, periodicals, or magazines.

█ It is next contended by appellant that the taxes imposed upon it constitute double taxation. There is no constitutional prohibition against double taxation, as applied to excise taxes. *Supply Laundry Co. v. Jenner, supra.* In the instant case, appellant admittedly comes within the definition of a "seller at retail," and so was liable for the tax imposed for that

activity. There can be no question but that appellant also comes within the classification of a "manufacturer." Conceding that some of the same elements are contained in the definition of a retailer as in the definition of a manufacturer, still the tax imposed in the one case is upon the sale, and in the other upon the manufacture, and these are separate activities.

In § 3, chapter 225, p. 984, Laws of 1939 (Rem. Rev. Stat. (Sup.), § 8370-6 [P. C. § 7030-66]), it is specifically provided that every person engaging in activities which are within the purview of the provisions of two or more paragraphs (a), (b), (c), (d), (e), (f), and (g), of § 4, shall be taxable under each activity engaged in. We call attention again to the *Texas Co.* case, *supra,* wherein the question of double taxation is also discussed.

We are of the opinion that this contention of appellant cannot be sustained.

█ It is further contended by appellant that it is discriminated against, in that, while appellant is classified both as a retailer and a manufacturer, certain of its competitors who fabricate clothing outside the state, which they sell within the state, and sellers of men's clothing in this state, who do not fabricate the clothing sold by them, are taxed only as retailers.

We think the fallacy of this contention is apparent. Appellant is not within the class of competitors referred to, for the reason that appellant is engaged in the business of manufacturing within the state, while the competitors referred to are not engaged in a manufacturing activity within the state, and are therefore not taxable as manufacturers.

Under the provisions of the statutes here involved, all custom tailors have been classified under both the "manufacturing" and "retailing" classifications, and, since that is true and since we are of the opinion

reasonable grounds exist for making a distinction between custom tailors, such as appellant, and those who have the clothes fabricated outside the state, we are of the opinion appellant has no cause for complaint. See, *State ex rel. Bacich v. Huse,* 187 Wash. 75, 59 P. (2d) 1101; *State ex rel. Northern Pac. R. Co. v. Henneford,* 3 Wn. (2d) 48, 99 P. (2d) 616.

In this connection, it is also contended by appellant that the legislature had in mind a possible situation such as here presented by appellant, and that the tax commission has therefore, by § 2, subd. (j), chapter 225, p. 982, Laws of 1939, been given authority to correct an inequality such as appellant claims here exists. Subdivision (j) provides:

"When the owner of equipment or facilities furnishes, or sells to the customer *prior to manufacture,* all or a portion of the materials that become a part or whole of the manufactured article, the Tax Commission shall prescribe equitable rules for determining tax liability." (Italics ours.)

The provision last above referred to cannot apply to the instant case, for the reason that it does not appear that appellant sells to its customers, *prior to manufacture,* all or a portion of the materials going into the manufactured article.

For the reasons herein assigned, the judgment must be, and is, affirmed.

ROBINSON, C. J., BEALS, BLAKE, and SIMPSON, JJ., concur.