[No. 28745.    Department One.    November 12, 1942.]

KLICKITAT COUNTY *et al.*, *Appellants*, v. T. M. JENNER
*et al.*, *Respondents.*[1]

'Reported in 130 P. (2d) 880.

*Donald Simpson, Edgar H. Canfield, Lloyd L. Wiehl,* and *R. DeWitt Jones,* for appellants.

*The Attorney General, Ralph B. Sproule,* and *Max Kaminoff, Assistants,* for respondents.

DRIVER, J.—This action was brought to restrain defendant state tax commissioners from collecting sales taxes on the construction cost of courthouses erected by plaintiff counties. A general demurrer to the amended complaint was sustained. Plaintiffs refused to plead further, and judgment was entered dismissing the action. Plaintiffs appealed.

The appeal involves the validity and construction of certain state revenue act amendments contained in chapter 178, Laws of 1941, p. 480, which became effective May 1, 1941. According to the allegations of the amended complaint, as modified by written stipulations of the parties, each of the courthouse buildings had been constructed under a contract providing that

the contractor was to furnish all necessary equipment, materials, and labor. The buildings were completed at the time the judgment of dismissal was entered.

Appellant Klickitat county's contract was entered into subsequent to May 1, 1941. The other contracts were made prior to May 1st, but the buildings were only partly completed on that date. Tax commission rule 171, adopted by respondents, set out as an exhibit to the amended complaint, provides that a contractor engaged in the business of erecting buildings or otherwise altering, repairing, or improving real property of or for a consumer is a seller, and is required to collect the retail sales tax from the consumer upon the total contract price. The rule also prescribes the method of computation of the sales tax to be employed as to construction contracts entered into before May 1, 1941, and partly performed before and completed after that date. In accordance with the provisions of the rule, respondents demanded of each of the appellants Yakima county and Clark county a three per cent sales tax on the portion of its courthouse completed after May 1st, and demanded of appellant Klickitat county a like tax on the entire courthouse construction charge of the contractor.

Appellants advance a number of contentions, each of which will be stated and then discussed. The first one, in the language of their brief, is that "Rule 171 [of the tax commission] is inconsistent with the statute in classifying the appellant counties as 'consumers' and the construction of county courthouses as 'retail sales.'" To determine what meaning the legislature intended to give to the key terms "consumers" and "retail sales," it is necessary to review the pertinent provisions of the retail sales law and its subsequent amendments.

The law was originally enacted as chapter 180, Laws of 1935, p. 706. Although its sections were numbered

consecutively throughout from 1 to 218, inclusive, it was segregated into main divisions designated as titles, there being titles I to XX, inclusive. Title II was the "Business and Occupation Tax," with which we are not directly concerned here; and title III was the "Tax on Retail Sales." Title II, § 5 (d), p. 711, defined the term "retail sale" as follows:

"The term 'sale at retail' or 'retail sale' means every sale of tangible personal property other than a sale to one who purchases for the purpose of resale in the regular course of business or for the purpose of consuming the property purchased in producing for sale a new article or substance, of which such property is an ingredient or component, or a chemical used in processing same. . . .

"The term 'sale at retail' or 'retail sale' shall be construed to include all sales of tangible personal property to persons: (1) who use such property in the business of erecting buildings or otherwise improving, altering, or repairing real property of others; (2) who use such property in connection with the business of cleaning, decorating, beautifying, repairing, curing, healing or otherwise improving or altering the person or personal property of others; . . ."

Section 17 (c), p. 722, of title III, the sales tax division, provides that

"The meaning attributed, in title II of this act, to the words and terms . . . 'sale at retail,' 'retail sale,' . . . shall apply equally in the provisions of this title."

The above-quoted portions of chapter 180, Laws of 1935, were not substantially altered by the revenue act amendments contained in chapter 227, Laws of 1937, p. 1138. The legislatures of 1939 and 1941, however, did make certain material changes.

In order to avoid needless repetition, we quote what we consider the pertinent provisions of § 5 (d) of the revenue act as amended by chapter 225, Laws of 1939,

p. 980, indicating by italics the portion of the 1939 amendment omitted when the section was again amended by chapter 178, Laws of 1941, p. 483, § 2 (d) (Rem. Supp. 1941, § 8370-5 (d)), and indicating by capital letters the two words added to the 1939 amendment by the 1941 statute:

"The term 'sale at retail' or 'retail sale' means every sale of tangible personal property other than a sale to one who purchases for the purpose of resale in the regular course of business or for the purpose of consuming the property purchased in the producing for sale a new article or substance, of which such property is an ingredient or component or a chemical used in processing same. The term 'sale at retail' or 'retail sale' shall be construed to include: (1) The production, fabrication or printing of tangible personal property for consumers thereof upon special order and shall also include the production, fabrication or printing of tangible personal property for consumers thereof who furnish either directly or indirectly the materials used in such work; (2) the installation, cleaning, decorating, beautifying, repairing or otherwise altering or improving the REAL OR personal property of consumers or for consumers thereof; *(3) the renting or leasing of tangible personal property; (4) the sale of tangible personal property to persons who use such property in the business of erecting buildings or otherwise improving, altering, or repairing real property of others, or in performing public improvement contracts, irrespective of whether the work is performed by any such persons under lump sum contract, time and material contract, day labor or otherwise. . . .*"

It will be noted that, by its 1941 amendment to the revenue act, the legislature, in effect, excluded from the "retail sale" category the sale of tangible personal property to a building contractor and brought within that category the repairing or otherwise altering or improving, and so forth, of real property "of consumers or for consumers."

The 1939 legislature, by chapter 225, p. 984, § 2, added to § 5 of the 1935 act, as amended by the Laws of 1937, a new subsection, which reads:

"(r) The word 'consumer' means any person who purchases, acquires, owns, holds or uses any article of tangible personal property other than for the purpose of resale in the regular course of business or for the purpose of consuming such property in producing for sale a new article or substance of which such property is an ingredient or component or chemical used in processing same. The word 'consumer' includes persons engaged in the business of erecting buildings or improving real property of others, or in performing public improvement contracts and persons engaged in rendering personal and professional services."

This new subsection was carried forward in the 1941 law. Laws of 1941, chapter 178, p. 487, § 2 (Rem. Supp. 1941, § 8370-5 (r)).

Section 17 (c) of the revenue act of 1935, from which we quoted earlier in this opinion, was reenacted as subsection (d) by the Laws of 1939, chapter 225, p. 990, § 7, and was carried forward in chapter 178, Laws of 1941, § 8 (d), p. 494 (Rem. Supp 1941, § 8370-17 (d)). For convenience of reference, we quote it again: "The meaning attributed, in title II of this act, to the words and terms . . . 'sale at retail,' 'retail sale,' . . . shall apply equally in the provisions of this title [title III]." In neither the 1939 nor the 1941 amendments was there, in title III, any adoption by reference of the meaning attributed to the word *"consumer"* in title II.

We think that the legislature, by its various amendments of the revenue act above outlined, clearly indicated its intention to exempt from payment of the retail sales tax building contractors who repair or improve the real property of others, and to impose the tax upon the persons for whom the services are performed by the contractor. Such legislative intent is

evidenced by the deletion of sales of materials to building contractors (in the performance of public improvement contracts, as well as others) from the definition of a "retail sale" in the 1941 statute and by the inclusion, in that definition, of "repair, alteration, improvement," and so forth, of *real property* of consumers or for consumers.

Appellants argue that this construction of the revenue act, which is the one placed upon it by the tax commission in its rule 171, is not consistent with the statutory definition of "consumer" as inclusive of persons engaged in the business of erecting buildings for others or in performing public improvement contracts.

As we have already pointed out, that definition of "consumer" appears only in title II, the business and occupation tax division, of the 1935 revenue act, as amended. It is not included directly or by reference in the sales tax division, title III of the act. The opening clause of § 5, the definition section of title II, reads: "For the purpose of *this title,* unless otherwise required by the context: . . ." (Italics ours.) (See Laws of 1935, chapter 180, p. 711, § 5.) Then follows a number of definitions, the last one (r), added, as stated, by the 1939 amendment, being the definition of "consumer" which appellants stress. The only reference to "consumer" in title III is the following:

"The word 'buyer' and the word 'consumer' include, without limiting the scope hereof, every individual, receiver, assignee [etc.] . . . the State of Washington, its departments, institutions and all political subdivisions thereof, irrespective of the nature of the activities engaged in or functions performed, . . ." Chapter 225, Laws of 1939, § 7 (c), p. 989; chapter 178, Laws of 1941, § 8 (c), p. 494 (Rem. Supp. 1941, § 8370-17 (c)).

Manifestly, we think, the definition of "consumer"

in title II was not intended to apply to title III of the revenue act.

Appellants next argue that a sales tax imposed upon the counties for the construction of their courthouses is, in effect, a property tax and, hence, violates the state constitution, amendment fourteen, and Rem. Rev. Stat. (Sup.), § 11111, exempting their properties from taxation.

The retail sales tax provided for in title III of the revenue act is an excise tax and not a property tax. This court so held in *Morrow v. Henneford,* 182 Wash. 625, 47 P. (2d) 1016, wherein it was said, p. 627:

"It [an excise tax] is defined by the supreme court of the United States to be an inland imposition, sometimes upon the consumption of the commodity and sometimes upon the retail sale; sometimes upon the manufacturer and sometimes upon the vendor. *Pacific Ins. Co. v. Soule,* 74 U. S. 433."

See, also, *Vancouver Oil Co. v. Henneford,* 183 Wash. 317, 49 P. (2d) 14, and *Spokane v. State,* 198 Wash. 682, 89 P. (2d) 826.

As appellants point out, this court has subscribed to the principle that the incidence of a tax, rather than its name, determines its character. Here, however, we do not believe that the incidence of the sales tax, in its application to the construction of a building for a county, is upon the property of the county. It is an excise, or privilege, tax, and it is immaterial whether it is a tax on the sale, the purchase, or the consumption of commodities or the right to acquire commodities for use or consumption, as, in any case, it does not contravene the constitutional provision under consideration.

Appellants also maintain that the amendatory acts of 1939 and 1941 violate Art. II, § 19, of the state constitution in that the titles do not express the subject matter. The material portions of the titles of the

acts in question read: "An Act relating to taxation; amending sections . . . 5 . . . of chapter 180, Laws of 1935, . . . as amended. . . ." Chapter 225, Laws of 1939, p. 976. "An Act relating to revenue and taxation; amending sections . . . 5 . . . of chapter 180, Laws of 1935, as amended. . . ." Chapter 178, Laws of 1941, p. 480.

The sales tax, as applied to the construction of county courthouses, appellants say, is so far removed from the ordinary meaning of a retail sale that it cannot be deemed authorized by these titles, and they cite *Petroleum Lease Properties Co. v. Huse,* 195 Wash. 254, 80 P. (2d) 774, and *DeCano v. State,* 7 Wn. (2d) 613, 110 P. (2d) 627.

In each of those cases, a key word in the title of an amendatory statute had been given a definition within the body of the act broader than, and different from, its common, ordinary meaning. As the title did not indicate that this had been done, we held that it was deceptive and not in conformance with the constitutional requirement. Here, we have a very different situation, as neither of the key words of the statutes now under consideration, namely, "taxation" and "revenue," is defined in the body of either act. In the *DeCano* case, we said, p. 627:

"The legislature may, if it chooses, adopt a very broad and comprehensive title in a bill, in which case great liberality will be indulged to hold that any subject reasonably germane to such title may be embraced within the body of the bill. If, however, the legislature sees fit to use a restricted title, in which the language is of specific, rather than generic, import, the title will not be regarded so liberally, and provisions of the bill not fairly embraced therein cannot be given force."

It is difficult to conceive of a broader or more comprehensive title than "An Act relating to taxation" or

"An Act relating to revenue and taxation," and it seems too apparent to require further comment that a retail sales tax applicable to the charges of a contractor for the construction of improvements on real property is reasonably germane to either of such titles.

Another contention of appellants is that respondents' rule 171 is inconsistent with the revenue act in that it imposes a tax upon labor and the contractor's gross profit as well as upon the materials furnished by him.

We think the contention is answered by chapter 76, Laws of 1941, p. 195, § 2 (Rem. Supp. 1941, § 8370-16), which provides that the retail sales tax shall be equal to "three per cent *of the selling price.*" (Italics ours.) The selling price is defined as the consideration "paid or delivered by a buyer to a seller, *all without any deduction* on account of the cost of tangible property sold, the cost of materials used, *labor costs,* interest, discount, delivery costs, taxes or any other expenses whatsoever. . . ." (Italics ours.) Chapter 178, Laws of 1941, § 8, p. 493 (Rem. Supp. 1941, § 8370-17 (a)). And it should be remembered that the term "retail sale" is defined as including "the installation, cleaning, decorating, beautifying, repairing or otherwise altering or improving" real property. Chapter 178, Laws of 1941, § 2, p. 483 (Rem. Supp. 1941, § 8370-5 (d) (2)).

Clearly, the legislature intended that, in any taxable transaction, as in the case of the ordinary and conventional retail sale of personal property, the measure of the tax is to be the cost to the buyer or consumer, and not the cost to the seller.

Finally, appellants maintain that the tax demanded of them constitutes an abuse of legislative and administrative discretion, because (1) it is a tax upon a tax; and (2) it is retroactive in its operation as to

appellants Clark county and Yakima county. No doubt, as appellants assert, the total construction charges upon which the respondents propose to compute the sales tax include various taxes paid to the state and Federal governments, but that does not necessarily render the tax invalid. There is no constitutional inhibition either of this state or of the United States against double taxation às applied to excise taxes. *Supply Laundry Co. v. Jenner,* 178 Wash. 72, 34 P. (2d) 363; *Texas Co. v. Cohn,* 8 Wn. (2d) 360, 112 P. (2d) 522; *Drury the Tailor v. Jenner,* 12 Wn. (2d) 508, 122 P. (2d) 493.

Nor is the 1941 amendment of the revenue act retroactive in its operation. By its express terms, it became effective òn May 1, 1941. Respondents seek to impose a sales tax on only those portions of the building contracts performed *after* the effective date of the act. In other words, respondents propose to tax only improvements to real property made subsequent to May 1, 1941, and we think, under the circumstances, it is immaterial that the contracts for the improvements were entered into prior to that date.

Judgment affirmed.

ROBINSON, C. J., STEINERT, and JEFFERS, JJ., concur.