IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| ORTHOTIC SHOP, INC., a Michigan corporation AND S & F CORPORATION, a Minnesota corporation, | ) ) ) ) ) | No. 39321-6-III |
| Appellant, | ) ) | UNPUBLISHED OPINION |
| v. | ) ) | |
| STATE OF WASHINGTON DEPARTMENT OF REVENUE, | ) ) ) | |
| Respondent. | ) | |

FEARING, C.J. — Orthotic Shop Inc. and S&F Corporation sell products on the

Amazon website. In this appeal, the two merchants disavow tax liability, under the

Washington State business and occupation tax (B&O) scheme and the sales tax program,

for products sold on the website and stored by Amazon in Washington State. We affirm

the Department of Revenue's assessments of taxes against the two.

FACTS

We garner the facts primarily from the board of tax appeals' findings of fact and

conclusions of law. This case arises from the nonpayment of sales taxes for the sales of

goods in Washington State and from the nonpayment of business and occupation (B&O)

taxes on income generated from the storage of goods in Washington State.

No. 39321-6-III,
*Orthotic Shop, Inc. v. Department of Revenue*

The appellant merchants Orthotic Shop Inc. (Orthotic Shop) and S&F Corporation (S&F) sell products on Amazon.com by participating in Amazon's Fulfillment by Amazon (FBA) program. S&F, a Minnesota company, sells cell phone accessories. Orthotic Shop, a Michigan company, sells orthotic footwear.

To participate in the FBA program, a merchant must sign a contract, with Amazon Services, LLC (Amazon), entitled Amazon Services Business Solutions Agreement (BSA). Under the BSA, the merchants, identified as "seller," pay Amazon monthly subscription fees, referral fees, and closing fees for sales.

S&F and Orthotic Shop disclose information about their respective products on a selling page on Amazon's website. The selling page lists each of the companies as the seller of their respective goods.

The merchants do not ship their products directly to customers. Instead, under the FBA program, the merchants, at their own cost, send the products to an Amazon warehouse and Amazon ships the goods to the purchasers. The BSA reads that Amazon will store the seller's goods, keep electronic records to track the inventory, and may comingle the goods with other goods. The BSA allows Amazon to "move Units [products] among facilities." Clerk's Papers (CP) at 25. A section of the BSA addresses the implications of Amazon's storing of products on tax liability:

> "F-14 Tax Matters. *You understand and acknowledge that storing Units at fulfillment centers may create tax nexus for you in any country, state, province, or other localities in which your units are stored, and you*

2

> *will be solely responsible for any taxes owed as a result of such storage.* If any Foreign Shipment Taxes or Your Taxes are assessed against us as a result of performing services for you in connection with the FBA program or otherwise pursuant to these FBA Service Terms, you will be responsible for such Foreign Shipment Taxes and Your Taxes and you will indemnify and hold Amazon harmless from such Foreign Shipment Taxes and Your Taxes as provided in Section F-10 of these FBA service terms."

CP at 25 (emphasis added) (boldface omitted).

Other language in the BSA also addresses payment of any sales and other taxes owed as a result of fulfillment services performed by Amazon.

> Tax Matters: As between the parties, you [seller] will be responsible for the collection, reporting, and payment of any and all of *Your Taxes*, except to the extent that (i) Amazon automatically calculates, collects, or remits taxes on your behalf according to applicable law; or (ii) Amazon expressly agrees to receive taxes or other transaction-based charges on your behalf in connection with tax calculation services made available by Amazon and used by you.
> "*Your Taxes*" means any and all *sales*, goods and services, use, *excise*, premium, import, export, value added, consumption, and *other taxes*, regulatory fees, levies (specifically including environmental levies), or charges and duties assessed, incurred, or required to be collected or paid for any reason (a) in connection with any advertisement, offer or sale of products or services by you on or through or in connection with the Services (b) in connection with any products provided for which Your Products are, directly or indirectly, involved as a form of payment or exchange; or (c) otherwise in connection with any action, inaction, or omission of you or your Affiliates . . . .  Also, if the Elected country is the United States, Mexico, or Canada as it is used in the Fulfillment by Amazon Service Terms, this defined term also means any of the types of taxes, duties, levies, or fees mentioned above that are imposed on or collectable by Amazon or any of its Affiliates in connection with or *as a result of fulfillment services including the storage of inventory of packaging of Your Products and other materials owned by you and stored by Amazon* . . . .  The Selling on Amazon Service ("Selling on Amazon") is a Service

3

that allows you to offer certain products and services directly on the
Amazon Sites.

CP at 24-25 (emphasis added) (footnotes omitted) (boldface omitted) (alteration in

original).

As if two other paragraphs about tax liability did not suffice, the BSA incorporates

a tax indemnity clause:

In addition to your obligations under Section 6 of the General Terms
of this Agreement, you also agree to indemnify, defend, and hold harmless
us, our Affiliates, and our and their respective officers, directors,
employees, representatives, and agents against any Claim that arises from
or relates to: . . . (c) any of Your Taxes or the collection, payment, or failure
to collect or pay Your Taxes; and if applicable (d) any sales, use, value
added, personal property, *gross receipts,* excise, franchise, business, or
other taxes or fees.

CP at 26 (emphasis added) (alteration in original).

The BSA includes other onerous terms on the merchant sellers. Amazon disclaims

any duties as a bailee. The sellers

"WAIVE ALL RIGHTS AND REMEDIES OF A BAILOR
(WHETHER ARISING UNDER COMMON LAW OR STATUTE OR
OTHERWISE) RELATED TO OR ARISING OUT OF ANY
POSSESSION, STORAGE, OR SHIPMENT OF YOUR PRODUCTS BY
US [Amazon]."

CP at 25.

In March 2016, the State Department of Revenue requested that S&F complete a

questionnaire regarding business activities in Washington State. S&F completed and

returned the questionnaire to the Department that same month. S&F answered that it sold

4

products at retail to consumers in Washington and gained $170,719 of gross retailing revenue from those sales in 2015. At the Department of Revenue's request, S&F also sent Amazon Inventory Event Detail reports, which listed all shipments and warehouse transfers occurring in Amazon-owned warehouses during the tax period.

The Department of Revenue audited S&F for the period March 17, 2011 through March 31, 2016, using sales data sent by S&F. Based on the audit, the department issued tax assessments totaling $231,354.00, $157,563.00 of which represented the total of retail sales tax and retailing B&O tax, and the balance constituted interest and penalties. The audit report asserted that S&F maintained a nexus to Washington State because it had a stock of goods in Amazon warehouses located in Washington starting in March 2011 and continuing through the audit period.

In a declaration, Shung Log, the owner and founder of S&F, testified that, when S&F began using Amazon's FBA in 2010, Amazon did not instruct it to collect sales tax in Washington. He declared that he understood, consistent with the widespread understanding of merchants participating in the FBA program, that S&F only needed to collect sales taxes in the state of Minnesota, its headquarters and physical place of business. He highlighted that the definition of "Your Taxes" in the BSA did not explain what "our taxes" represents.

Between September 2017 and June 2018, the Department of Revenue sent letters to Orthotic Shop that requested the company complete a department questionnaire. Orthotic Shop never responded.

The Department of Revenue later requested and received copies of Orthotic Shop's Amazon Inventory Event Detail reports, which listed all shipments and warehouse transfers that occurred in Amazon warehouses during the tax period. Based on the reports, the department audited Orthotic Shop and issued an assessment of $213,011.00 for the period December 31, 2013, through March 31, 2018. The department later revised the assessment to $214,242.59.00. The assessment notice did not segregate the amounts for taxes, interest, or penalties. The audit report asserted that Orthotic Shop had a nexus with Washington State because of the storage of goods in warehouses in Washington.

In a declaration, Matthew Behnke, the president of Orthotic Shop, testified identically to Shung Log, the president of S&F. According to Behnke, when Orthotic Shop began participating in Amazon's FBA program in 2010, Amazon did not instruct it to collect sales tax in Washington. Behnke understood that Orthotic Shop only needed to collect sales taxes in the state of Michigan, the business' base and physical place of operations. Behnke underscored that the definition of "Your Taxes" in the BSA did not actually explain what "our taxes" actually represents. CP at 31.

No. 39321-6-III,
*Orthotic Shop, Inc. v. Department of Revenue*


PROCEDURE

S&F and Orthotic Shop respectively appealed the Department of Revenue's assessments to the Washington State Board of Tax Appeals. The merchants moved to consolidate the appeals for a single hearing. The Board of Tax Appeals granted the motion. Both sides filed competing summary judgment motions.

The Board of Tax Appeals granted the Department of Revenue's summary judgment motion and thereby affirmed the tax assessments against both S&F and Orthotic Shop. The board entered the following conclusions of law:

> 2. Washington's B&O tax is intended to apply to virtually all business activities carried on within the state, and to leave practically no business and commerce free of . . . tax. *Simpson* [*Inv., Co. v. Dep't of Revenue*, 141 Wn.2d 139, 149, 3 P.3d 741 (2001)]. Retailing B&O, and the duty to collect retail sales tax, is imposed on every person engaged in the business of making retail sales, unless an exemption applies. [RCW 82.04.220, RCW 82.04.250, RCW 82.08.020, RCW 82.08.050].
> 3. A taxpayer claiming to be exempt from a tax has the burden of establishing the exemption. *Gartner, [Inc., v. Department of Revenue*, 11 Wn. App. 2d 765, 733, 455 P.3d 1179 (2020)]. The Taxpayers had goods stored in Washington that were sold to buyers in Washington. The Taxpayers have provided no persuasive arguments that would exempt them from the B&O tax.
> 4. Persons making retail sales of goods to buyers in Washington, as the merchants do, are liable for retailing B&O tax. [RCW 82.04.250. *See also Bucoda Trailer Park, Inc. v. State*, 17 Wn. App.79, 81, 561 P.2d 1100 (1977)].
> 5. A "seller" is "every person . . . making sales at retail or retail sales to a buyer, purchaser, or consumer, whether as an agent, broker, or principal. . . ." [RCW 82.08.010(2)(a) (in effect during the audit periods at issue)]. A seller is required to collect the sales tax from the buyer, and if the seller fails to do so, is "personally liable to the state for the amount of the tax." [RCW 82.08.050.]

7

6. The Taxpayers are sellers of goods to buyers in Washington and were required to collect and remit the sales tax. The Taxpayers have argued that they did not know that they had a tax-collecting responsibility to Washington state once they had goods in the state. There is a universal maxim that ignorance of the law excuses no one. *Leshner v. Dep't of Labor* [&] *Indus.*, 27 Wn.2d 911, 926, 185 P.2d 113 (1947). The Taxpayers cannot rely on ignorance of the law to excuse their failure to collect and remit Washington's taxes. Further, Amazon's contracts specifically noted this as a possibility.
. . . .
8. The Taxpayers have argued that Amazon should have collected and remitted sales taxes as the consignee of the goods. In 2019 the Washington legislature enacted SSB 5581, which explicitly required most marketplace facilitators to collect and remit sales taxes to Washington starting January I, 2020. The legislature is presumed not to engage in "vain and useless acts". [*Fifteen-O-One Fourth Ave. Ltd., Partnership v. Dep't of Revenue*, 49 Wn. App. 300, 303, 742 P.2d 747 (1987)]. If the legislature thought marketplace facilitators could be required to collect taxes prior to the 2019 act, it would not have needed to enact new laws.

CP at 48-49.

S&F and Orthotic Shop appealed the Board of Tax Appeals' decision to the superior court. The superior court forwarded the appeal to this court for direct review under RCW 34.05.518.

LAW AND ANALYSIS

This appeal concerns two distinct Washington taxes and statutory schemes: (1) business and occupation taxes, and (2) sales taxes. We begin with the B&O tax.

Washington State imposes the B&O tax on every person or entity for the act or privilege of engaging in business activities in the state. RCW 82.04.220. Every person or entity making retail sales in Washington must pay the retailing B&O tax on its gross

proceeds of sales. RCW 82.04.250. A retail sale is defined, in relevant part, as "every

sale of tangible personal property . . . to all persons." RCW 82.04.050.

RCW 82.04.480 provides:

> (1) Every consignee, bailee, factor, or auctioneer having either actual or constructive possession of personal property, or having possession of the documents of title thereto, with power to sell such personal property in that person's own name and actually so selling, is deemed the seller of such personal property within the meaning of this chapter. Furthermore, the consignor, bailor, principal, or owner is deemed a seller of such property to the consignee, bailee, factor, or auctioneer.
> (2) The burden is on the taxpayer in every case to establish the fact that the taxpayer is not engaged in the business of making retail sales or wholesale sales but is acting merely as broker or agent in promoting sales for a principal. Such claim will be allowed only when the taxpayer's accounting records are kept in such manner as required by rule by the department.
> (3) For purposes of this section, "personal property" means tangible personal property, digital goods, digital codes, and extended warranties.

The Washington State Department of Revenue adopted administrative rules

imposed on B&O taxes in the potential instance of a cosignment. Rule 159 provides, in

relevant part:

> A consignee, bailee, factor, agent or auctioneer, as used in this ruling, refers to one who has either actual or constructive possession of tangible personal property, the actual ownership of such property being in another, or one calling for bids on such property. The term "constructive possession" means possession of the power to pass title to tangible personal property of others.

#### Business and Occupation Tax

> Retailing and wholesaling. Every consignee, bailee, factor, agent or auctioneer having either actual or constructive possession of tangible

personal property, or having possession of the documents of title thereto, with power to sell such tangible personal property in his or its own name and, actually so selling, shall be deemed the seller of such tangible personal property and taxable under the retailing or wholesaling classification of the business and occupation tax, depending upon the nature of the transactions. In such case the consignor, bailor, principal or owner shall be deemed a seller of such property to the consignee, bailee, factor or auctioneer and taxable as a wholesaler with respect to such sales.

The mere fact that consignee, bailee or factor makes a sale raises a presumption that such consignee, bailee or factor actually sold in his or its own name. This presumption is controlling unless rebutted by proof satisfactory to the department of revenue.

WAC 458-20-159 (boldface omitted.)

The Department of Revenue also provided guidance on tax responsibilities of entities making consignment sales:

Owner's Tax Reporting
If the owner of the consigned goods is engaged in a business activity, then they are also subject to the B&O tax on income they receive from the sales of their goods and may be required to remit the sales tax. We assume a person is engaged in business if they put themselves out to the public as being a business or make sales on more than a periodic basis.

When the consigned goods are sold by a consignee acting as an agent for the owner:
If the seller acts pursuant to an agency relationship and keeps their books as an agent under WAC 458-20-159, then the owner of the goods should report as follows:

• Report consignment sales under the Retailing B&O tax classification.

• Report consignment sales under the Retail Sales tax classification. If the consignee remits the sales tax to the Department, the owner may take a deduction from retail sales tax. On the deduction detail section of the tax return, identify the deduction as Sales tax reported by agent. (WAC 458-20-159) Otherwise, remit sales tax (both state and local sales taxes).

No. 39321-6-III,
*Orthotic Shop, Inc. v. Department of Revenue*

CP at 42-43 (boldface omitted).

Washington law intends to apply the B&O tax to virtually all business activities carried on within the state and to leave practically no business and commerce free of tax. *Simpson Investment Company v. Department of Revenue*, 141 Wn.2d 139, 149, 3 P.3d 741 (2001). The retailer B&O tax is imposed on every person engaged in the business of making retail sales, unless an exemption applies.

The merchants S&F and Orthotic Shop agree that they sold goods to consumers. They agree that they delivered the goods to Amazon and that Amazon stored some of the goods in Amazon's Washington warehouses. The merchants agree that they provided information about the products used by Amazon to create a selling page for the respective products on Amazon's website. The merchants concede that the selling page lists them as the sellers of the goods. Finally, the merchants agree that they sell the goods to consumers in Washington. But the merchants argue that Amazon, as the consignee, sold the goods in retail to the consumers such that they avoid liability for any B&O tax.

A consignee makes sales on behalf of the consignor. The B&O statute explains that the consignee, if selling the goods in its own name, is the seller of the goods. RCW 82.08.040(1) reads, in relevant part:

> Every consignee, bailee, factor, or auctioneer selling or calling for bids on personal property belonging to another, is deemed the seller of such personal property within the meaning of this chapter.

11

The consignor is, under Washington law, still a seller of those goods.

The Amazon website product pages for the goods of S&F and Orthotic Shop did not list Amazon as the seller. The respective pages identified S&F and Orthotic Shop as the sellers. In turn, no facts suggest that the merchants made wholesale sales to Amazon. The merchants agree that they did not sell goods to Amazon, the purported consignee. Logically, if the merchants did not sell their products to Amazon, they must sell the goods to the consumers.

Since the merchants sold to buyers, they are liable for retailing B&O tax on those sales. This conclusion accords with the merchants' descriptions of their business activities and the contractual agreements between the merchants and Amazon to sell goods on Amazon's site.

A separate statutory chapter governs the retail sales tax. RCW 82.08.010(2)(a)(i), in effect during the audit periods in question in these cases, defines "seller," for purposes of the tax, as: "every person, including the state and its departments and institutions, making sales at retail or retail sales to a buyer, purchaser, or consumer, whether as agent, broker, or principal." A seller must collect the sales tax from the buyer, and, if the seller fails to do so, the seller becomes personally liable to the state for the amount of the tax. RCW 82.08.050.

The State imposes retail sales tax "on each retail sale in this state of . . . [t]angible personal property." RCW 82.08.020(1)(a). RCW 82.08.040 declares:

(1) Every consignee, bailee, factor, or auctioneer selling or calling for bids on personal property belonging to another, is deemed the seller of such personal property within the meaning of this chapter. All sales made by such persons are subject to the provisions of this chapter even though the sale would have been exempt from the tax imposed in this chapter had it been made directly by the owner of the property sold.

(2)(a) Except as provided in (b) of this subsection (2), every consignee, bailee, factor, or auctioneer must collect and remit the amount of tax due under this chapter with respect to sales made or called by that seller.

(b) If the owner of the property sold is engaged in the business of making sales at retail in this state, the tax imposed under this chapter may be remitted by such owner under such rules as the department may adopt.

The Washington State Department of Revenue adopted administrative rules

imposed on sales taxes. Rule 159 provides, in relevant part:

A consignee, bailee, factor, agent or auctioneer, as used in this ruling, refers to one who has either actual or constructive possession of tangible personal property, the actual ownership of such property being in another, or one calling for bids on such property. The term constructive possession means possession of the power to pass title to tangible personal property of others.

Retail Sales Tax

Consignees, bailees, factors, agents or auctioneers. Every consignee, bailee, factor, agent or auctioneer authorized, engaged or employed to sell or call for bids on tangible personal property belonging to another, and, so selling or calling, is deemed a seller, and shall collect the retail sales tax upon all retail sales made by him, except sales of certain farm property as hereinafter provided. The tax applies to all such sales even though the sales would have been exempt if made directly by the owner of the property sold.

It shall be the duty of every consignee, bailee, factor, agent or auctioneer to collect and remit the retail sales tax directly to the department with respect to all retail sales made or called by them: Provided, however, [t]hat if the owner of the property sold is engaged in the business of selling tangible property and the sale by the consignee, bailee, factor, agent or auctioneer has been made in the owner's name and the owner continues to

> engage in business, the owner may report and pay the tax collected directly
> to the department.

WAC 458-20-159 (boldface omitted).

RCW 82.08.040(2)(b) explains that a person, who is a seller of goods to people in this state, may be required to report the retail sales tax when selling through a consignee. Rule 159 explains that when the consignee is selling in the name of the seller, the seller may report and remit the retail sales tax.

The Department of Revenue explained in the Department's Industry Guide for Convenience Stores, Tax Reporting for Consignment Sales, that the consignee is generally responsible for remitting the sales tax to the department. Nevertheless, if the owner of the goods registers with the department and otherwise reports sales tax, the consignee can remit the sales tax to the owner to report.

S&F's name and Orthotic Shop's name are listed as the seller on their respective Amazon sales pages. Buyers saw the listing of the seller before finalizing the transaction. Even if the arrangement between Amazon and the merchants involved a consignment, the merchants, as sellers, remained ultimately responsible for collecting and remitting the tax.

The merchants argue that Amazon, as consignee, should have collected and remitted the sales tax to the state. But Amazon did not do so, and Amazon's BSA read that it will not do so unless the merchant elects for Amazon to do so. The merchants never asked Amazon to collect sales taxes for them in Washington. Regardless, the

14

merchants failed to show that the agreement between them and Amazon is a consignment agreement. To the contrary, the contract reads that its purpose is to facilitate the merchants' ability to sell their own goods through Amazon's site.

The merchants contend that they did not know what the language in the agreement meant. In addition, they assert that they lacked an understanding that they could incur a tax collection liability in other states because of the storage of their merchandise in those states. They maintain that their understanding of tax law during the audit periods at issue was that the seller only had to collect sales taxes in states in which the merchants were physically located. The merchants cannot rely on ignorance or a lack of understanding. Ignorance of the law excuses no one. *Leshner v. Department of Labor & Indus.*, 27 Wn.2d 911, 926, 185 P .2d 113 (1947).

The merchants insist that the Department of Revenue should not allow Amazon to avoid its tax liabilities through contract or by its use of affiliates. The merchants may insist on a change in the contract when the current one expires.

In 2019, the Washington Legislature enacted SSB 5581, which explicitly requires most marketplace facilitators to collect and remit sales taxes to Washington starting January 1, 2020. LAWS OF 2019, ch. 8. We presume the legislature does not engage in vain and useless acts. *Fifteen-O-One Fourth Ave. Ltd., Partnership v. Dep't of Revenue*, 49 Wn. App. 300, 303 (1987). If the legislature thought that the law before SSB 5581

required marketplace facilitators such as Amazon to collect taxes, it would have faced no need to enact the new provisions.

## CONCLUSION

We uphold the Department of Revenue's assessments of tax liabilities against S&F and Orthotic Shop.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Fearing, C.J.

WE CONCUR:

Staab, J.

Cooney, J.