[No. 70-41338-2.    Division Two.    May 18, 1970.]

ANDREWS FIXTURE COMPANY, *Respondent,* v. VERN OLIN *et al., Appellants.*

*Skoog, Mullin & Cooper, Robert E. Cooper,* and *George Kelley,* for appellants.

*Anderson & Bingham* and *Quinby R. Bingham,* for respondent.

ARMSTRONG, C. J.—Defendants Vern Olin and Edna Olin appeal from a judgment for plaintiff Andrews Fixture Company foreclosing a mechanics lien and a chattel lien. Plaintiff was registered as a specialty contractor at the time it contracted for and installed a cocktail lounge for defendants. Defendants contend that plaintiff cannot maintain a lien foreclosure action because it was not registered as a general contractor and the work performed would be included under that category. Defendant Vern Olin will be hereafter referred to as if he were the sole defendant.

No statement of facts has been filed in this appeal and for this reason the only question presented is whether the trial court's findings of fact will support the conclusions of law and judgment. Two exhibits were incorporated in the transcript.

The findings of fact show that plaintiff Andrews Fixture Company is a contractor engaged in the installation of restaurant and cocktail lounge material and equipment. Plaintiff was regularly licensed and registered by the state of Washington under a specialty contractor's license and had posted the required $1,000 bond. Plaintiff was classified by the Washington State Division of Professional Licensing under class 6, which provides for specialty work on "cabi-

nets, casework, fixtures and millwork", and class 31, which provides for specialty work on "kitchen restaurant and refrigeration equipment".

The findings of fact also show that defendant, who conducted a restaurant and cocktail lounge business under the name of Coach House Cafe, entered into an oral contract with plaintiff for the installation of a cocktail lounge. The trial court found that pursuant to the contract plaintiff installed a bar with padded rail and upholstered front, a back bar with refrigerator, stainless steel sinks, table tops, light fixtures and cut a new door and painted the ceiling and casings. Plaintiff paid for wiring, plumbing and painting service performed by subcontractors, and purchased furniture from another company. Plaintiff superintended the work of the following crafts: cabinet making, electrical, plumbing, carpentry, painting and refrigeration.

Defendant Vern Olin expressed satisfaction with the cocktail lounge and testified that he had stated that he had the nicest cocktail lounge in Tacoma.

The court also found that plaintiff's specialty contractor license and its registration with the state of Washington entitled it to bring this action for the reasonable value of its work, material and labor. This is actually a conclusion of law and will be so considered by us.

Defendant contends that a specialty contractor may not maintain a lien foreclosure action to recover compensation for work performed as a general contractor in which capacity it was neither registered nor bonded under the laws of the state of Washington.[1] The only difference in bonding is that a specialty contractor must post a bond of $1,000 and a general contractor most post a bond of $2,000. RCW 18.27.040.

---

[1] RCW 18.27.080 provides: "No person engaged in the business or acting in the capacity of a contractor may bring or maintain any action in any court of this state for the collection of compensation for the performance of any work or for breach of any contract for which registration is required under this chapter without alleging and proving that he was a duly registered contractor at the time he contracted for the performance of such work or entered into such contract."

Plaintiff answers this contention alternatively that (1) plaintiff fixture firm was performing as a specialty contractor and did not work as a general contractor, and (2) even if plaintiff had extended its activities beyond its specialty and had, to a limited extent, become a general contractor, there was a substantial compliance with the state contractors registration act.

The registration of contractors act defines general and specialty contractors in the following manner:

A "general contractor" is a contractor whose business operations require the use of more than two unrelated building trades or crafts whose work the contractor shall superintend or do in whole or in part; the term "general contractor" shall not include an individual who does all work personally without employees or other "specialty contractors" as defined herein. The terms "general contractor" and "builder" are synonymous. A "specialty contractor" is a contractor whose operations as such do not fall within the foregoing definition of "general contractor".

RCW 18.27.010.

Defendant's exhibit M, incorporated in the transcript on appeal, contains the following instructions from the state licensing division to a specialty contractor:

In further definition of the work performed by a Specialty Contractor, a Specialty Contractor shall not be prohibited from taking and executing a contract involving the use of two or more crafts or trades, if the performance of the work in the crafts or trades, other than in which he is registered, is incidental and supplemental to the performance of work in the craft for which the Specialty Contractor is registered. EXAMPLE: A registered Specialty Contractor whose specialty is classification No. 6 (cabinets) and the performance of this work involves the use of classification No. 22 (countertop work) as an incidental and supplemental part of his work, the contractor would not be required to register under the specialty No. 22 also.

■ The definition prepared by the licensing division is of value in determining whether the plaintiff relied in good faith upon the instructions received from the licensing divi-

sion. This is one of the factors which may be considered in determining substantial compliance. *See Oddo v. Hedde,* 101 Cal. App. 2d 375, 225 P.2d 929 (1950).

Our jurisdiction has not had the occasion to construe the elements required to constitute "substantial compliance" with the contractors registration act. There are numerous decisions on this subject in California which has one of the earliest contractor registration acts. Our act differs from the California act in that the California act is more regulatory, but we find the basic considerations of "substantial compliance" to be sufficiently similar.

Although the Washington statute is termed a registration act, it does have regulatory features. In addition to the nominal bond of $1,000 for specialty contractors and $2,000 for general contractors,[2] the act requires that all contractors maintain liability and property damage insurance.[3] The bond protects all persons furnishing labor and materials, the customers dealing with the contractor as to improper

---

[2]RCW 18.27.040 provides in part: "Each applicant shall, at the time of applying for a certificate of registration, file with the director of licenses a surety bond running to the state of Washington if a general contractor, in the sum of two thousand dollars; if a specialty contractor, in the sum of one thousand dollars, conditioned that the applicant will pay all taxes and contributions due to the state of Washington, and will pay all persons furnishing labor or material or renting or supplying equipment to the contractor and will pay all amounts that may be adjudged against the contractor by reason of negligent or improper work or breach of contract in the conduct of the contracting business. Any person having a claim against the contractor for any of the items referred to in this section may bring suit upon such bond in the superior court of the county in which the work is done or of any county in which jurisdiction of the contractor may be had."

[3]RCW 18.27.050 provides: "At the time of registration the applicant shall furnish to the director satisfactory evidence that the applicant has procured and has in effect public liability and property damage insurance covering the applicant's contracting operations in the sum of not less than twenty thousand dollars for injury or damage to property and fifty thousand dollars for injury or damage including death to any one person and one hundred thousand dollars for injury or damage including death to more than one person.

"In the event that such insurance shall cease to be effective the registration of the contractor shall be suspended until such insurance shall be reinstated."

workmanship or breach of contract, and the state against nonpayment of taxes and assessments. The contractors must establish a measure of financial responsibility although the bond is nominal in amount. Plaintiff was a registered contractor who had complied with all of the requirements of the licensing agency. Its workmanship and performance of the contract were not challenged. We need not carefully delineate and analyze the functions of each trade or craft to determine whether they were merely incidental or supplementary to plaintiff's work. Assuming arguendo that plaintiff had overstepped technical bounds of its specialty contractors license, nevertheless, the findings of fact would evidence a good faith compliance with the interpretation of the law furnished plaintiff by the licensing agency.

■ Defendant seeks to avoid his contractual obligations by a narrow construction of the contractors registration act. RCW 18.27.080 denies to contractors not *duly* registered with the state licensing agency the use of the courts for any recovery of sums owing them for contracting services. Such a statute is in derogation of the common law and must be strictly construed.

■ Courts have not insisted on literal compliance with a contractor registration law where the party seeking to escape his obligation has received the full protection which the statute contemplates. In determining substantial compliance the test must be whether the policy of the statute has been satisfied. *Latipac, Inc. v. Superior Court,* 64 Cal. 2d 278, 411 P.2d 564 (1966).

In this case the workmanship was so satisfactory that defendant stated that he had the nicest cocktail lounge in Tacoma. The financial responsibility of plaintiff was assured within the limited measure of the statute and was not questioned. To deny plaintiff a recovery would transform this socially desirable registration act, designed primarily to protect the public from irresponsible contractors,

into an unwarranted shield for the avoidance of a just obligation.

The judgment will be affirmed.

PEARSON and PETRIE, JJ., concur.