[No. 304-3. Division Three. November 19, 1971.]

APEX GLASS & SASH, INC., *Respondent,* v. THE CITY OF SEATTLE, BOARD OF PUBLIC WORKS, DEPARTMENT OF LIGHTING *et al., Defendants,* GUNTHER-SHIRLEY-LANE, *Appellant.*

*Bruce T. Rinker* (of *DeGarmo, Leedy, Oles & Morrison*), for appellant.

*R. G. Schimanski* (of *Schimanski & Leeds*), for respondent.

MUNSON, C.J.—Plaintiff, Apex Glass & Sash, Inc., d/b/a Acme Glass & Sash, Inc., brought suit to recover payment for materials and labor furnished defendant Gunther-Shirley-Lane (Gunther) as prime contractor on the Boundary Dam in Pend Oreille County, Washington. Originally, Jack O. Rasmussen Company (Rasmussen), a subcontractor of defendant and also a codefendant, ordered the materials from plaintiff. Plaintiff in turn issued its purchase order for the materials to the Pittsburg Glass Company which shipped the materials directly to Rasmussen at the damsite and billed plaintiff. The materials arrived on or about August 25, 1967. Plaintiff billed Rasmussen on September 25, 1967. In the meantime, Rasmussen lost its subcontract under Gunther.

Subsequently Gunther contacted plaintiff concerning the possibility of the latter installing the materials previously furnished. Plaintiff agreed to do so on a time-and-material[1] basis. Upon completion of the installation, plaintiff billed Gunther for both the installation labor and the materials previously billed to Rasmussen, *i.e.*, $819 (installation), plus $3,193.20 (materials).

Plaintiff's action against the City of Seattle, for whom the dam was being constructed, and Gunther's bonding company was dismissed on agreement of the parties. The court rendered judgment against Rasmussen in the amount of $3,193.20 based upon Rasmussen's original contract with plaintiff, and against Gunther in the amount of $4,012.20

---

[1] The "materials" referred to are those which would be used by plaintiff incidental to the installation of the materials shipped to Rasmussen.

based upon the subsequent time-and-material contract. Only Gunther appeals, contending if the materials were sold and title passed to Rasmussen, as evidenced by the trial court's judgment against Rasmussen, that judgment should not have been rendered against Gunther for the same materials. We agree. RCW 62A.2-401 provides in part:

> (2) Unless otherwise explicitly agreed title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods, . . . and in particular and despite any reservation of a security interest by the bill of lading
> . . .
> . . . if the contract requires delivery at destination, title passes on tender there.

Consequently, plaintiff must look to Rasmussen for its compensation for those materials, particularly since plaintiff did not comply with RCW 39.08.065[2] requiring a materialman supplying a subcontractor to serve notice upon the prime contractor of the delivery of materials. The judgment against Gunther for the cost of the materials cannot stand.

As for the subsequent contract with Gunther, the work performed thereunder by plaintiff is directly within the

---

[2] "[RCW] 39.08.065 Notice to contractor condition to suit on bond when supplies are furnished to subcontractor. Every person, firm or corporation furnishing materials, supplies or provisions to be used in the construction, performance, carrying on, prosecution or doing of any work for the state, or any county, city, town, district, municipality or other public body, shall, not later than ten days after the date of the first delivery of such materials, supplies or provisions to any subcontractor . . ., deliver or mail to the contractor a notice in writing . . . that such [supplier] . . . has commenced to deliver materials, supplies or provisions for use thereon, with the name of the subcontractor or agent ordering or to whom the same is furnished and that such contractor . . . will be held for the payment of the same, and no suit or action shall be maintained in any court against the contractor . . . to recover for such material, supplies or provisions or any part thereof unless the provisions of this section have been complied with."

purview of RCW 18.27.010.[3] Plaintiff did not comply with the registration requirement, RCW 18.27.080,[4] *Murphy v. Campbell Inv. Co.,* 79 Wn.2d 417, 486 P.2d 1080 (1971), *Stewart v. Hammond,* 78 Wn.2d 216, 471 P.2d 90 (1970), nor is there any evidence of a substantial attempt made to so comply, *Andrews Fixture Co. v. Olin,* 2 Wn. App. 744, 472 P.2d 420 (1970); hence, plaintiff's claim for installation charges is also void. Plaintiff does not come within the exemptions provided in RCW 18.27.090 (5)[5] by its definition, nor subsection (8) thereof by reason of its failure to comply with RCW 39.08.065, *supra.*

Inasmuch as the foregoing requires reversal of the judgment entered herein, we need not consider Gunther's additional assignments of error.

Judgment is reversed and the case is dismissed.

GREEN and EVANS, JJ., concur.

Petition for rehearing denied December 29, 1971.

---

[3] "[RCW] 18.27.010 Definitions. A 'contractor' as used in this chapter is any person, firm or corporation who or which, in the pursuit of an independent business undertakes to, or offers to undertake, or submits a bid to, construct, alter, repair, add to, subtract from, improve, move, wreck or demolish, for another, any building, highway, road, railroad, excavation or other structure, project, development or improvement attached to real estate or to do any part thereof including the erection of scaffolding or other structures or works in connection therewith; . . ."

[4] "[RCW] 18.27.080 Registration prerequisite to suit. No person engaged in the business or acting in the capacity of a contractor may bring or maintain any action in any court of this state for the collection of compensation for the performance of any work or for breach of any contract for which registration is required under this chapter without alleging and proving that he was a duly registered contractor at the time he contracted for the performance of such work or entered into such contract."

[5] "[RCW] 18.27.090 Exemptions. This chapter shall not apply to:
". . .
"(5) The sale or installation of any finished products, materials or articles of merchandise which are not actually fabricated into and do not become a permanent fixed part of a structure;
". . .
"(8) Any person who only furnished materials, supplies or equipment, without fabricating them into, or consuming them in the performance of, the work of the contractor; . . ."