[No. 5095–1. Division One. May 1, 1978.]

GERALD E. NELSON, *Appellant,* v. KAANAPALI PROPERTIES, ET AL, *Respondents.*

*Oles, Morrison, Rinker, Pickel, Stanislaw & Ashbaugh* and *Sam E. Baker, Jr.,* for appellant.

*Henry L. Skidmore,* for respondents.

RINGOLD, J.—Nelson is a specialty subcontractor, doing business as Nordic Tile Company, residing in the state of Washington. Nordic Tile at all relevant times was a registered contractor in the state of Washington under the contractor's registration act, RCW 18.27.

The defendant, Kaanapali Properties, is a joint venture between Kaanapali Realty, Inc., a Washington corporation, and West Maui Properties, Inc., a Hawaiian corporation. Both corporations are controlled by Richard Hadley, a Seattle resident involved in land development and construction business. Kaanapali, as owner and general contractor, commenced construction of a 360–unit condominium project in Maui, Hawaii, consisting of two multi–story towers.

In November 1974, Nordic Tile was requested to provide a quotation for installation of teak parquet flooring in the condominium units. Agreement was reached and work

commenced, the formal subcontract being signed by Nelson and Hadley in December 1974. After conclusion of the installation, a dispute arose regarding which of the parties should bear the cost of extra workers required by an accelerated work schedule and of extra expenditures allegedly required as a result of Kaanapali's failure to maintain work schedules and to coordinate the progress of the work.

Nordic Tile's complaint seeks to recover damages for breach of contract and misrepresentation. Kaanapali counterclaimed for its cost of completing Nordic Tile's work in excess of the contract price. As an affirmative defense to Nordic Tile's complaint for damages, Kaanapali alleges that Nordic Tile, unlicensed in Hawaii as a contractor, is thereby barred from bringing suit on the contract by virtue of the applicability of Hawaii law. On that theory summary judgment was granted below, and this appeal arises from the dismissal of Nordic Tile's complaint.

We hold that the trial court erred in granting the motion for summary judgment and accordingly reverse.

## ISSUE

Was the trial court correct in holding that a subcontractor residing and registered under the Washington contractor's act was precluded by the contractor's licensing act of the state of Hawaii from maintaining a cause of action for breach of contract in the state of Washington?

## STATUTES

HAWAII REVISED STATUTE:

§ 444–9 Licenses required. No person within the purview of this chapter shall act, or assume to act, or advertise, as general engineering contractor, general building contractor, or specialty contractor without a license previously obtained under and in compliance with this chapter and the rules and regulations of the contractors license board.

§ 444–22 Civil action. The failure of any person to comply with any provision of this chapter shall prevent such person from recovering for work done, or materials or supplies furnished, or both on a contract or on the

basis of the reasonable value thereof, in a civil action, if such person failed to obtain a license under this chapter prior to contracting for such work.

REVISED CODE OF WASHINGTON:

RCW 18.27.020 Registration required—Partnerships, joint ventures—Penalties. (1) It shall be unlawful for any person to submit any bid or do any work as a contractor until such person shall have been issued a certificate of registration by the state department of labor and industries.

RCW 18.27.080 Registration prerequisite to suit. No person engaged in the business or acting in the capacity of a contractor may bring or maintain any action in any court of this state for the collection of compensation for the performance of any work or for breach of any contract for which registration is required under this chapter without alleging and proving that he was a duly registered contractor and held a current and valid certificate of registration at the time he contracted for the performance of such work or entered into such contract.

### THE SIGNIFICANT RELATIONSHIP TEST

The trial court determined that the most significant contact in the instant case was the factor of performance in Hawaii, and that, therefore, the Hawaii law should apply. Our resolution of the significant contacts analysis indicates that Washington law should apply.

The controlling authority in this state is *Baffin Land Corp. v. Monticello Motor Inn, Inc.,* 70 Wn.2d 893, 425 P.2d 623 (1967), where the court abandoned the lex loci contractus rule.

In *Baffin* the court, drawing on the work of the drafters of the Restatement (Second) of Conflicts, adopts the significant relationship test, saying: "The basic rule is that the validity and effect of a contract are governed by the local law of the state which has the most significant relationship to the contract". *Baffin,* at 900.

The factors which are to be considered as significant, the court listed as follow:

(1) In the absence of an effective choice of law by the parties, consideration will be given to the following

factors, among others, in determining the state with which the contract has its most significant relationship:

(a) the place of contracting,

(b) the place of negotiation of the contract,

(c) the place of performance,

(d) the situs of the subject matter of the contract,

(e) the domicile, residence, nationality, place of incorporation and place of business of the parties,

(f) the place under whose local law the contract will be most effective.

*Baffin Land Corp. v. Monticello Motor Inn, supra* at 901. The trial court held that Hawaii law should govern because that is where the work was done.

■ In determining the weight to be given the various factors in *Baffin,* the court said "[t]he approach is *not* to count contacts, but rather to consider which contacts are most significant". *Baffin,* at 900. The court indicates that the most significant contact in a contract for the rendition of services is that state where the contract requires that the services be performed. *Baffin,* at 902. Looking to the Restatement (Second) of Conflicts § 196 (1969), where the importance of the place of performance is discussed, it appears that in personal service contracts the local law of the place of performance should be applied "unless, with respect to a particular issue, some other state has a more significant relationship . . . in which event the local law of the other state will be applied." Comment *d,* following section 196, delineates the circumstances wherein the local law of the state where services are to be rendered should not be applied:

On occasion, a state which is not the place where the contract requires that the services, or a major portion of the services, should be rendered will nevertheless, with respect to the particular issue, be the state of most significant relationship to the transaction and the parties and hence the state of the applicable law. This may be so, for example, when the contract would be invalid under the local law of the state where the services are to be rendered but valid under the local law of another state

with a close relationship to the transaction and the parties. In such a situation, the local law of the other state should be applied unless the value of protecting the expectation of the parties by upholding the contract is outweighed in the particular case by the interest of the state where the services are to be performed in having its invalidating rule applied.[1]

Restatement (Second) of Conflicts, *supra.*

In personal service contracts the Restatement rule appears to be that when the expectation interest of the parties outweighs the policy of the performance state in applying its invalidating rule, the local law of the place of performance should not apply. Washington law not only supports this position, but requires consideration of the public policies of both Hawaii and Washington. In *Potlatch Fed. Credit Union v. Kennedy,* 76 Wn.2d 806, 810, 459 P.2d 32 (1969) the court states:

Certainly an identification of contacts is meaningless without consideration of the interests and public policies *of potentially concerned states and a regard as to the* manner and extent of such policies as they relate to the transaction in issue. These competing policies must also be weighed against the justified expectations of the parties.

The desire of the parties at the time of contracting was to create an enforceable contract. Kaanapali expected the work to be performed and Nordic Tile expected to be paid and to make a profit. Consideration of the expectation interest of the parties would weigh heavily in upholding the validity of the contract against the interests and public policy of Hawaii.

█ The policy interest of Hawaii is expressed by the Department of Regulatory Agencies, rules and regulations for the Contractor's License Board, Title 7, ch. 8, § 1.2:

---

[1]The final draft of Restatement (Second) of Conflicts § 188 (1969), listing the significant factors, excluded (1)(f) "the place under whose local law the contract will be most effective," the rule of validation as adopted by the *Baffin* court. In our opinion, Comment *d* to section 196 is a more precise application of the validation concept.

The Board interprets the primary intent of the Legislature in creating the Contractors License Board to be the protection of the public health, safety and general welfare, in dealing with persons engaged in the construction industry, and the affording to the public of an effective and practical protection against the incompetent, inexperienced, unlawful and unfair practices of contractors with whom they contract. All rules, regulations or orders adopted by the Board shall be interpreted and construed in light of the policies announced herein.

The public policy of the State of Washington is set forth in RCW 18.27.140: "[T]o afford protection to the public from unreliable, fraudulent, financially irresponsible, or incompetent contractors." The policy interest of both states is substantially the same. In *Andrews Fixture Co. v. Olin,* 2 Wn. App. 744, 749–50, 472 P.2d 420, 423 (1970), the court expanded upon this state's policy:

Courts have not insisted on literal compliance with a contractor registration law where the party seeking to escape his obligation has received the full protection which the statute contemplates. . . .

. . . To deny plaintiff a recovery would transform this socially desirable registration act, designed primarily to protect the public from irresponsible contractors, into an unwarranted shield for the avoidance of a just obligation.

Thus a policy consideration is that of providing Washington residents a forum for the resolution of an adjudicable issue. The Hawaii statute, if applied, would deny to Nordic Tile access to any court for resolution of this question. While Hawaii can control access to its courts, it should not as a matter of policy be able to control access to Washington courts, which have jurisdiction, for resolution of a dispute primarily between Washington domiciliaries.

### Decision

The significance of the place of contracting, the domicile and residence of the parties (except one member of the Kaanapali joint venture), the expectation interests of the parties, and the policy of Washington in providing a forum

far outweigh the significance of the place of performance and the public policy of Hawaii in applying its rule. Washington law applies.

The judgment is reversed for further proceedings in accordance with this opinion.

WILLIAMS and CALLOW, JJ., concur.

Reconsideration denied June 6, 1978.

Review dismissed by Supreme Court August 30, 1978.