[No. 3455–II.   Division Two.   April 1, 1980.]

DALE SPRY, *Respondent*, v. HENRY F. MILLER, ET AL, *Appellants*.

*James A. Santucci,* for appellants.

*James R. Heller,* for respondent.

PEARSON, J.—Defendant Henry Miller appeals from the trial court's denial of his motion to dismiss the suit of Dale Spry and the judgment foreclosing Spry's mechanics' lien against him. The issue raised is whether plaintiff's failure to register as a contractor under RCW 18.27.080 precludes this suit, where the work was performed by a licensed well–drilling operator in plaintiff's employ. RCW 18.104.070. We hold that plaintiff was exempt from registering under RCW 18.27.080 and affirm the judgment.

Dale Spry failed his examination for a water well construction operator's license in the fall of 1975. However, he purchased a well–drilling rig, and Victor Niemann went to work for him as a licensed water well construction operator. In November 1975, defendant sought the services of a water well contractor to have a well drilled near his home. He was referred to plaintiff by a former well driller, who forwarded defendant's deposit of $2,000 to plaintiff. Plaintiff accepted

the check. In January 1976, plaintiff and defendant met at the latter's home and at the proposed well site to discuss the drilling; they agreed upon a set price per foot of drilling. Drilling was then carried out by Niemann, with no supervision or control by plaintiff over the operation. Defendant made periodic visits to the well site to discuss the progress of the drilling with Niemann. In May 1976, plaintiff sent defendant a final bill for the drilling, upon which defendant made only partial payment. When he failed to pay the balance, plaintiff filed a mechanics' lien upon his property. Plaintiff sought to foreclose the lien in March.

Defendant moved to dismiss the action on the basis that plaintiff failed to allege that he was a licensed and bonded contractor at the time the contract was performed, pursuant to RCW Title 18. The trial court ruled that plaintiff had complied with the applicable provisions of that title, denied defendant's motion to dismiss, and entered a judgment foreclosing plaintiff's mechanics' lien against him.

Defendant's sole contention on appeal is that plaintiff was not entitled to maintain a cause of action on the contract to drill defendant's well because plaintiff was not personally licensed when he entered the contract.

RCW 18.27.080 provides:

> No person engaged in the business or acting in the capacity of a contractor may bring or maintain any action in any court of this state for the collection of compensation for the performance of any work or for breach of any contract for which registration is required under this chapter without alleging and proving that he was a duly registered contractor and held a current and valid certificate of registration at the time he contracted for the performance of such work or entered into such contract.

Plaintiff did not allege or prove that he was registered at the time he contracted with defendant. But RCW 18.104-.070 exempts water well licensees thereunder from the foregoing registration requirements. It provides that no person may contract to engage in the construction of a water well

and no person may act as an operator without first obtaining a license by applying to the Department of Ecology. It further provides in pertinent part:

A person shall be qualified to receive a water well construction operators license if he:
(1) Has made application therefor to the department and has paid to the department an application fee of twenty–five dollars; and
(2) Has passed a written examination as provided for in RCW 18.104.080:

We hold that plaintiff was exempt from the registration provisions of RCW 18.27 because, by hiring a licensed contractor to carry out the actual drilling, he substantially complied with the water well construction operator's licensing requirements set forth in RCW 18.104.070.

■■■■ The policy supporting the contractor registration act has been uniformly construed by the courts of this state to be the prevention of unreliable, fraudulent, and incompetent contractors from victimizing the public. *Nelson v. Kaanapali Properties,* 19 Wn. App. 893, 578 P.2d 1319 (1978); *Udall Constr. Co. v. Elliott,* 18 Wn. App. 850, 573 P.2d 809 (1977); *Expert Drywall, Inc. v. Brain,* 17 Wn. App. 529, 564 P.2d 803 (1977); *Rose v. Tarman,* 17 Wn. App. 160, 561 P.2d 1129 (1977). A determination of whether there has been substantial compliance depends on the particular facts of each case. *Expert Drywall, Inc. v. Brain, supra.* In the present case, the trial court relied on the testimony of John Swerda, who helped formulate the statutes and WAC regulations for water well construction, and who has been the only administrator of the Washington Water Well Construction Act. He stated:

Within the WAC Regulation 173–162–040(2)(a), any Water Well contractor, who does not actively supervise well drilling and who has a licensed well drilling operator in charge of the well drilling process has complied with the Department requirements.

WAC 173–162–040 provides:

(1) A water well construction operators license is required for all operators.

(2) A water well construction operators license is required for all water well contractors as follows:

(a) *Every water well contractor shall designate one official as "liaison representative" who shall have the full responsibility and authority to act as the contractor's agent in all its dealings with the department. The "liaison representative" shall be licensed.*

(b) An owner–operator who enters contracts on his own behalf is a water well contractor and must be licensed. He shall act as his own "liaison agent" in all dealings with the department.

(3) An architectural, engineering or other similar type professional consulting firm, general contractor or construction firm and highway or bridge construction firm need not have a licensed water well construction operator in its employ; provided that all water well construction associated with their various projects is conducted through a duly licensed water well contractor.

(Italics ours.) It is true that plaintiff made no written designation of Niemann as his "liaison representative" to the Department of Ecology. But the administrator of the Department stated in his affidavit that no particular designation is required so long as a licensed operator consents to being the "liaison representative." An agency's interpretation of its own rules is entitled to great weight. *State Liquor Control Bd. v. State Personnel Bd.*, 88 Wn.2d 368, 561 P.2d 195 (1977). Once the legislature has properly delegated rule–making authority to a state agency, that power is liberally construed. *Barry & Barry, Inc. v. Department of Motor Vehicles*, 81 Wn.2d 155, 500 P.2d 540 (1972).

██ It has been held that the legislative purpose of the contractor registration act is achieved when the person bringing the action for compensation is associated with another person who is duly registered under the act, and who is obligated on the project sufficiently to provide the protection of his registration and bond. *Northwest Cascade Constr., Inc. v. Custom Component Structures, Inc.*, 83 Wn.2d 453, 519 P.2d 1 (1974). Since a well driller must meet standards for licensing which exempt him from registration, plaintiff achieved the purpose of the water well

contractor's licensing statute by associating with Niemann, who is a licensed well driller.[1] Courts have not insisted on literal compliance with a contractor registration law where the party seeking to escape his obligation has received the full protection which the statute contemplates. *Andrews Fixture Co. v. Olin,* 2 Wn. App. 744, 749–50, 472 P.2d 420 (1970). To hold otherwise

would transform this socially desirable registration act, designed primarily to protect the public from irresponsible contractors, into an unwarranted shield for the avoidance of a just obligation.

Accordingly, we affirm.

REED, C.J., and JOHNSON, J. Pro Tem., concur.

---

[1]Defendant makes much of the fact that Niemann was an independent contractor, rather than an employee. He cites no authority, and we find none, which would change plaintiff's position on the basis that Niemann was an independent contractor. He was still associated with plaintiff, *see Northwest Cascade Constr., Inc. v. Custom Component Structures, Inc.,* 83 Wn.2d 453, 519 P.2d 1 (1974), and his independent contractor status logically could only support plaintiff's argument that he had no control over the drilling and therefore need not be personally licensed for such activity.